## MONTGOMERY *v.* KASSON.

THE third section of the Act "to provide for the Construction of Canals, and for Draining and Reclaiming certain Swamp and Overflowed Lands in Tulare Valley," passed April 11th, 1857, is a grant upon condition precedent, and not upon condition subsequent, and passes no estate to the grantee, until performance of the conditions annexed—that is, until the reclamation of the lands.

This grant is a contract between the State and the grantees, by which the State grants certain lands, upon condition of work to be performed; the grant to take effect when the work is done. It is a contract by which rights may be acquired absolutely, upon performance of the acts specified as the consideration moving to the State.

The grantees under the act, having surveyed the lines of the canals mentioned therein, and commenced the work of excavating one of them, and continued the same within and during the year after the passage of the act, have brought themselves within the first section thereof, and secured the right to proceed with the reclamation ; and, when this is accomplished, to take one-half of the lands. And if, within the five years limited in the act, the reclamation be effected, the title to the alternate sections designated will vest in the grantees absolutely.

With the contract, and the rights of the grantees thereunder acquired by this part performance of its consideration, the Legislature cannot interfere. They are protected by both the Federal and the State Constitutions.

The Act of April 20th, 1858, repealing the Act of April 11th, 1857, making this grant, and declaring the rights and privileges thereunder forfeited, is unconstitutional and void.

Where one of the grantees under this Act of 1857 enters into an agreement to sell to defendant five of the sections of land embraced within the act, and covenants that he and his associates will execute a good and sufficient deed to the defendant, upon payment of the several notes given as the consideration ; will complete the canals within the five years allowed ; and that by means thereof and the operation of the statute, they will have a good and valid title to the premises : *Held,* that defendant cannot resist the payment of the first note merely because the Legislature has attempted, by an unconstitutional act, to repeal the contract of the State with the vendor and his associates—the agreement itself providing for a surrender of the unpaid notes, and a return of the moneys paid, in case of future failure of title, and the rights of the grantees of the State being fully known to defendant.

APPEAL from the Fourth District.

Suit upon a promissory note executed by defendant to the order of plaintiff. The body of the note states that it is given for "part of the purchase money for certain swamp and overflowed lands, as per contract of this date."

The answer admits the execution of the note, and sets up as a defense

the contract mentioned in the note; and avers, that the Legislature having repealed the Act of April 11th, 1857, granting lands to plaintiff and his associates, the note is void—the consideration therefor having failed; that plaintiff cannot give title to defendant; and prays judgment for $1,000 already paid plaintiff.

The contract referred to is as follows:

" Articles of agreement entered into this twentieth day of March, one thousand, eight hundred and fifty-eight, by and between J. Montgomery, party of the first part, and C. S. Kasson, of the city and county of San Francisco, and State of California, party of the second part, witnesseth: Whereas, W. F. Montgomery, J. Montgomery, A. J. Downer, and F. H. Sampson, have obtained a grant from the State of California for certain lands in Tulare Valley, under and by virtue of an act of the Legislature, entitled ' An Act to Provide for the Construction of Canals, and for Draining and Reclaiming certain Swamp and Overflowed Lands in Tulare Valley,' approved April 11th, 1857; which said act may be found in pages one hundred and ninety-two and one hundred and ninety-three of the statutes of California of the year 1857; and whereas, the said J. Montgomery and his associates have, pursuant to said act, commenced the construction of the said canals provided for by the said act; and whereas, the said J. Montgomery and his associates desire to sell a portion of said lands, in order to raise funds to enable them successfully to complete the said canals mentioned and referred to in said act, in accordance with the terms and provisions of said act; now therefore, in consideration of one thousand dollars, by the said C. S. Kasson paid to the said J. Montgomery, the receipt whereof is hereby acknowledged, and in consideration of four promissory notes, in the sum of one thousand dollars each, of this date, executed and delivered by said C. S. Kasson to said J. Montgomery, and payable to him; one payable in one year, one payable in two years, one payable in three years, and one payable in four years from date, the said J. Montgomery, for himself, his heirs and assigns, does hereby covenant and agree to and with the said C. S. Kasson, his heirs, executors, administrators and assigns, that upon the payment of the said last named note, (the other notes having been before that time paid) that the said party of the first part and his said associates will execute and deliver unto the said party of the second part a good and sufficient deed for five sections, to wit: section one, (1) eleven, (11) thirteen, (13) twenty-three, (23) and twenty-five, (25) in township twenty-four, (24) north range twenty, (20) east of

Mount Diablo, meridian, of said swamp and overflowed land, granted by the said Legislature of said State, as aforesaid, unto the said J. Montgomery and his associates; and the said J. Montgomery does hereby covenant and agree to and with the said C. S. Kasson, that at or before the expiration of five years from the passage of said act, that said 'J. Montgomery and his associates will complete the canals mentioned in said act, and according to the terms thereof, and that upon the completion thereof, the said J. Montgomery and his associates shall, by means thereof, and by the operation of said act, have and possess a good and valid title to each and every section of swamp and overflowed land designated by odd numbers, within the limits mentioned in said act, and especially will they, by the means aforesaid, have and acquire such title to said sections of land herein specifically mentioned.  It is mutually agreed by and between the parties, that in case said lands, mentioned in said act, should at any time be determined not to belong to the State, or in case it shall at any time become apparent that the said J. Montgomery and his said associates cannot make a good title to said lands, in consequence of forced sales, or from any other cause, then, and in that event, such notes as have not been already paid shall be null and void, and shall be surrendered up by the said Montgomery to the said C. S. Kasson, and that said J. Montgomery will repay to said C. S. Kasson all money before that time paid on this contract, with legal interest.

"Witness our hands and seals, this twentieth day of March, 1858.

"JOSEPH MONTGOMERY,

"By his attorney in fact, W. F. MONTGOMERY. [Seal.]

"C. S. KASSON." [Seal.]

It was admitted that the contract was executed by the parties to this suit, and that W. F. Montgomery was authorized to make and enter into such contract, by a power of attorney, duly executed, acknowledged, and delivered, and that the same is of record in the Recorder's office of Tulare county.

The cash payment was made, and this suit is upon the first note. Plaintiff demurred to the answer, as not constituting a defense, and had judgment.    Defendant appeals.

The law upon which the contract was based is as follows :

"An Act to provide for the Construction of Canals, and for Draining and Reclaiming certain Swamp and Overflowed Lands in Tulare Valley. Approved April 11th, 1857.

" The people of the State of California, represented in Senate and Assembly, do enact as follows :

" SECTION 1.   W. F. Montgomery, Joseph Montgomery, A. J. Downer, F. W. Sampson, and their associates and assigns are hereby granted the right and privilege to reclaim all of the following described swamp and overflowed lands, belonging to this State, to wit : The swamp and overflowed lands situated and lying between the San Joaquin river, at a point known as the King's River slough and Tulare lake ; and, also, the swamp and overflowed lands bordering on Tulare, Buena Vista and Kern lakes ; and between the said lakes and up to the lines dividing the said swamp and overflowed lands from the lands belonging to the United States ; and for the purpose of reclaiming the said lands, the persons above named, and their associates and assigns are hereby granted the right and privilege to construct and put in operation a canal from Tulare lake to the waters of the San Joaquin river, and also a canal from the Tulare lake to Buena Vista lake, and also a canal from Buena Vista lake to Kern lake ; said canals to be of sufficient width and depth to afford a convenient passage for boats of eighty tons burden.   The said canals, or some one of them, to be commenced within one year, and all of said canals to be completed and put in operation within five years from the passage of this act; and when completed, are hereby declared navigable.

" SEC. 2.   The persons named in the first section of this act, and their associates and assigns, are hereby granted, for the construction of said canals, the full right of way through any and all lands belonging to this State ; and to enable them to put said canals in operation and keep the same in repair without molestation, two hundred feet of any lands belonging to this State, on either side of said canals, is hereby granted to them.   Provided, The said grantees shall leave open on each side of said canals sufficient space for a public highway, free from expense or charge ; and the said canals shall be and remain the property of said grantees, for the purpose of controlling the same, and charging and collecting such tolls for passage through and navigating said canals as may be fixed by law, yearly, for the term of twenty years from the passage of this act, after which time they shall revert to and become the property of the State ; and the State hereby reserves the right to cross said canals by ferries or bridges, as the Supervisors of the counties through which said canals may pass shall direct ; Provided, That such bridges or ferries do not impede the navigation of said canals.

Montgomery *v.* Kasson.

"Sec. 3.   In consideration for the reclamation of the said swamp and overflowed lands, and for the opening and completion of said canals, the one-half of said lands is hereby granted and conveyed to the persons named in the first section of this act, and their associates and assigns, upon the condition that the said grantees shall reclaim the same within the said term of five years—the said lands to be designated by odd and even sections, according to the plan of survey by the United States; the said grantees, after the reclamation of the lands, as aforesaid, to take the odd sections or fractions of the same, and the State to retain the even sections or fractions of the same. *Provided,* That if any of the said odd sections, or any portion of the same, shall have been sold by the State previous to the passage of this act, then the said grantees shall be entitled to select an equal amount of land out of any land belonging to the State, embraced within the limits described in the first section of this act. *And provided further,* That none of the odd sections mentioned in this act shall be subject to private entry after the passage of this act.

"Sec. 4.   A failure to comply with the provisions of this act, or any part thereof, on the part of said grantees, shall work a forfeiture of said grant.

"Sec. 5.   'Reclamation,' as used in this act, shall be construed to mean that when the lands described in section first are so drained and levied as to make them susceptible of cultivation."

*Murphy & Burnett,* for Appellant.

*Campbell & Brown,* for Respondent.

Field, C. J. delivered the opinion of the Court—Cope, J. concurring.

The third section of the act "to provide for the Construction of Canals, and for Draining and Reclaiming certain Swamp and Overflowed Lands in Tulare Valley," passed on the 11th of April, 1857, is a grant upon condition precedent, and not, as counsel of the respondent contend, upon condition subsequent.   This is evident from the clause following the condition, and restricting the right of the grantees to take the odd sections until "*after* the reclamation of the lands," and the accompanying proviso, that none of those sections shall be subject to private entry. The proviso was altogether unnecessary, if by the act it was intended to vest an estate immediately.   The consideration is the reclamation of

the lands—a service to be rendered in future—and the grant is of one-half of the lands, upon condition that such reclamation be made, the grantees to take the one-half after the reclamation. This construction is not affected by the fourth section, which declares that a failure to comply with the provisions of the act, or any part thereof, by the grantees, shall work a forfeiture of *the grant*. The term grant in this section refers to the general rights conferred by the act, and does not imply that any title to the lands vested. The third section, therefore, does not operate to pass any present estate to the grantees. It passes no estate until the performance of the condition annexed—that is, until the reclamation of the lands. The grant is not, however, any the less a contract between the State on the one part, and the grantees on the other. It is a contract by which the State grants certain lands upon condition of work to be performed, the grant to take effect when the work is done. It is a contract by which valuable rights may be acquired absolutely, upon the performance of the acts specified as the consideration moving to the State. The grantees, as appears from the evidence in the record, and as found by the Referee, entered upon the performance of those acts in the fall of 1857; they then employed an engineer, and surveyed the line of the proposed canals; and in February following, commenced the work of excavating one of the canals, and continued the same, without cessation, until June, 1858. They thus brought themselves within the terms of the first section, providing for the commencement of "the canals, or some one of them," within one year after the passage of the act. For the completion of the reclamation they have five years; and if within this period it be effected, the title to the alternate sections designated will vest in them absolutely. By the work already performed, the right to proceed with the reclamation, and when this is accomplished, to take one-half of the lands, has become fixed. With the contract, and the rights of the grantees thereunder, acquired by the part performance of its consideration, the Legislature cannot interfere. They are under the protection of both the Federal and the State Constitutions. The Act of April 20th, 1858, repealing the act making the grant, and declaring the rights and privileges thereunder forfeited, is, therefore, unconstitutional and void. It is a simple, undisguised attempt, not merely to impair but to destroy contract rights. (*Fletcher* v. *Peck*, 6 Cranch, 87; *State of New Jersey* v. *Wilson*, 7 Id. 164; *Jewett et al.* v. *Taylor et al.* 9 Id. 43; *The State* v. *McCauley et al.* 15 Cal. 429; *McCauley et al.* v. *Brooks*, [*ante*]; Smith on Statute

and Const. Law, secs. 248 to 261; Story on the Const. secs. 1374 to 1396.)

The agreement between the plaintiff and defendant, for the sale and ultimate conveyance of five of the sections, was made upon a full knowledge of the rights of the grantees of the State. There is no pretense of misrepresentation in the case. The act of the Legislature is referred to in the agreement; the construction of the canals had been commenced at the time; and the vendor covenants that he and his associates will execute a good and sufficient deed to the defendant, upon the payment of the several notes given as the consideration, and will complete the canals within the five years allowed; and that by means thereof, and the operation of the statute, they will have a good and valid title to the premises. The agreement anticipates a possible failure of title, and expressly provides that, in case it shall at any time be determined that the lands designated in the act do not belong to the State, or it shall at any time become apparent that the vendor and his associates cannot make a good title, in consequence of forced sales, or from any other cause, the notes remaining unpaid shall be surrendered, and the money paid shall be refunded. To this agreement the defendant must look to obtain a return of his money, in case the title fails. He cannot resist the first payment merely because the Legislature has attempted to destroy, by an unconstitutional act, the contract of the State with the vendor and his associates.

Judgment affirmed.