WILLIAM Q. COLE, AUDITOR, ET AL. *v.* JOSEPH M. WINEMAN
ET AL.

1. MANDAMUS. *Officers. Duties under statute. Repeal pending suit.*

A petition for mandamus against officials for the performance of
duties enjoined upon them by statute will be dismissed when the
statute, pending an appeal by the defendants, is repealed in so far
as the petitioner can claim any right thereunder.

2. SAME. *Patents. Erroneous issuance. Refunding purchase money.
Secretary of State. Laws* 1900, *p.* 91. *Laws* 1902, *p.* 127.

The act of 1900, providing that in cases where the state, "through
the land commissioner or secretary of state," has issued patents
for land to which it had no title, the patents shall be canceled and
the purchase money refunded (Laws, p. 91), having been in part
repealed by the amendatory act of 1902, which is in the same words,
except that the words "or secretary of state" are omitted (Laws,
p. 127), mandamus cannot be maintained for the issuance of re-
funding warrants on patents issued by the secretary of state.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Mandamus by Joseph M. Wineman and others, as the heirs
and distributees of Mark Wineman, deceased, against W. Q.
Cole, Auditor of Public Accounts, Edward H. Nall, Land
Commissioner, and Monroe McClurg, Attorney-general, judg-
ment was rendered awarding the writ, and the defendants ap-
pealed.

On the 2d day of May, 1882, the secretary of state issued
patents to a large number of applicants, each taking 240
acres or less of land coming within the designation of
"swamp and overflowed" lands, in Adams county. On the
same day all these patentees conveyed to one Marx Wineman
all the lands, aggregating several thousand acres, so pat-
ented to them. These patents were issued under ch. 14,

p. 33, of the laws of 1877, which contained the following pro-
viso: "Provided, that no person shall be allowed to enter more
than 240 acres under the provisions of this act." It developed
afterward that the state had issued patents to these lands to
another before the patents were issued under which Wineman
purchased. This is a petition by plaintiffs (appellees), as heirs
and distributees of Marx Wineman, now deceased, to compel
by mandamus the auditor of public accounts, the attorney-gen-
eral, and the land commissioner to cause a warrant to be issued
amounting to over $6,000 (being the purchase money, interest
thereon, and office fees paid for the lands embraced in the
patents issued by the secretary of state May 2, 1882), based
upon sec. 4, ch. 76, of the laws of 1900, which is as follows:
"That if the state of Mississippi, through the land office, or
secretary of state, has heretofore issued, or shall hereafter issue
a patent, or patents, for any lands to which the state held no
title, or which did not belong to the state at the time of the
issuance of such patent, or patents, or by oversight, or other-
wise, two patents may hereafter be issued for the same land,
the land commissioner shall report such patent, or patents, with
the facts, to the attorney-general, who shall make investigation
of the case, and if he shall find that the lands so patented did
not belong to the state, he shall so report to the land commis-
sioner, who shall take such patent, or patents, or duly certified
copies of patents, in case of loss of the original, to the auditor
of public accounts, and the auditor shall mark such patents, or
certified copies of patents, 'cancelled,' and file the same as a
voucher in his office, and shall issue his warrant in favor of the
patentee, or his or her assigns, heirs or representatives, for the
amount paid the state for such cancelled patent, or patents, and
upon such cancellation the auditor shall certify same to the
clerk of the chancery court of the county in which such patent
has been recorded, and such clerk shall thereupon immediately
cancel the record of same." The defendants demurred to the
petition, and the demurrer was overruled. They then answered

and filed pleas alleging, *inter alia,* that the law of 1900 did not apply, because the words "or secretary of state" had been fraudulently and surreptitiously written in the bill after it had passed both houses of the legislature, and before enrollment, and the bill had been erroneously so enrolled; and that the patents were fraudulently, collusively, and unlawfully obtained. A demurrer to these pleas was sustained, defendants declined to answer further, and a judgment was entered directing the issuance of the peremptory writ. The act of the legislature of 1902 (laws, p. 127) was exactly that of 1900, with the exception that the sentence, "or secretary of state," was omitted. It was passed by the legislature after the submission of the cause, and the briefs of counsel do not, therefore, relate to the effect of the repealing act, the point upon which the decision turned.

*Monroe McClurg,* attorney-general, for the state.

*Brame & Brame* and *Alexander & Alexander,* for the appellees.

Argued orally by *Monroe McClurg,* attorney-general, for appellant, and by *L. Brame* and *C. H. Alexander,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

The recent act of the legislature (Laws 1902, p. 127) repealed absolutely all of the act of 1900 (Laws 1900, p. 91), upon which this petition for mandamus was based. The sole and exclusive basis for this mandamus has, therefore, by the legislature, been absolutely removed. The necessary result of this legislation is that the judgment in this case must be reversed, and the petition dismissed, at the cost of the appellees, and it is so ordered.

*Reversed.*