## EX PARTE RUBE HANEY.

### No. 3618.   Decided June 28, 1907.

**Local Option—Habeas Corpus—Independent School District—Constitutional Law.**

In a prosecution for a violation of the local option law, after an election held in an independent school district under article 3384, Revised Statutes, as amended in 1897 authorizing such election, and under article 402 of the Penal Code as amended. Held, on habeas corpus proceedings, that a school district is not a political subdivision of a county of like kind as those enumerated under article 16, section 20, of the Constitution of 1876, and as amended in 1891 and that said law is void. Distinguishing ex parte Heyman, 45 Texas Crim. Rep., 532.

Appeal from the County Court of Palo Pinto. Tried below before the Hon. E. B. Ritchie.

Appeal from habeas corpus proceeding remanding relator to custody on an information charging him with a violation of the local option law in an independent school district.

The opinion states the case.

*C. Nugent & Eli Oxford,* for relator.—Independent school districts are simply corporations for school purposes alone and are not recog-

nized by the Constitution and laws as local option territory. Oxford v. Frank, 70 S. W. Rep., 428; Ex parte Heyman, 78 S. W. Rep., 349; Ex parte Brown, 42 S. W. Rep., 554; 17 Am. & Eng. Enc. of Law, p. 6; Black on Inter. of Laws, 141; Endlich on Inter. of Stats., pp. 405–408.

· *F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was arrested on an information charging him with violating the local option law in the Gordon Independent School District, No. 32, of Palo Pinto County. Appellant sued out a writ of habeas corpus before the county judge of said county, and was remanded to custody, and has prosecuted an appeal to this court.

Appellant questions the legality of the local option law in said independent school district on the ground that said school district is not such a political subdivision of the county as under the Constitution is authorized to adopt local option. The specific objections urged by appellant are as follows:

"1. That said election is null and void under the Constitution of the State of Texas, because the Legislature is without any authority to enact a law authorizing the commissioners court to order an election in any school district, and more especially in independent school districts in the State of Texas under article 16, section 20, of the Constitution of 1876 and as amended in 1891.

"2. That the commissioners court is without any authority under the Constitution and laws of the State of Texas to have a local option election in an independent school district, because an independent school district is not the class, kind, nor character of subdivision of a county contemplated by the Constitution of the State of Texas of 1876, article 16, section 20, as amended in 1891. That the petition upon which said election is based is null and void and without legal force or effect because said petition orders an election in territory not recognized as a political subdivision by the Constitution and the laws of Texas.

"3. That independent school districts are simply corporations for school purposes alone and are not recognized by the Constitution and laws as local option territory."

To support his contention, appellant refers us to the provisions of section 20, article 16, of the Constitution, and to the construction thereof in Ex parte Heyman, 45 Texas Crim. Rep., 532. In said case we had before us a combination of seven out of the eight justice precincts in the county, as a subdivision of the county, formulated by the commissioners court, and we there, in construing said constitutional provision, used this language: "Now, under the above rule of construction, when the Constitution named certain known subdivisions of counties, and then authorized the Legislature to empower the commissioners court to designate such other subdivisions of a county for local option purposes, obviously we would understand that the power

conferred was to name some other existing subdivision, such as those already mentioned. Such, in this connection we think unmistakably means, 'subdivisions of like character, political subdivisions of the county.' " We note, in illustrating our position, among other things, we stated that commissioners precincts and school districts were of like character with those mentioned in the Constitution. The question of school districts was not before us in that case, and we are now confronted, for the first time, with the proposition that school districts are like political subdivisions with those mentioned in the Constitution. The question, therefore, is, can we so regard them? To our mind it is very clear that commissioners precincts are of like character, because the Constitution, in terms, provides for such commissioners precincts, and they constitute a part of the judicial autonomy of the county itself; commissioners precincts, justice precincts, towns and cities are all a part of the political machinery of the county, and are designated as such by the Constitution, and from which officers appertaining to the county are elected; each is an integral part of the governmental machinery of the county, and consequently there is no question as to this matter; but how does the question present itself as to school districts. True, the Constitution also refers to these. Article 7, section 3, and authorizes the Legislature to provide for the formation of school districts within all or any of the counties of this State, by general or special law, without the local notice required in other cases of special legislation, and may authorize an additional annual ad valorem tax to be levied and collected within such school districts for the further maintenance of public free schools, and the erection of school buildings therein, etc. Section 10, article 11, provides, "The Legislature may constitute any city or town a separate and independent school district," etc. Under these provisions of the Constitution the Legislature has authorized the formation of school districts. See Revised Statutes, article 3938, et seq., and see amendment thereto, Laws of 1905, page 276, section 50, et seq., and also authorized the formation of school communities; Revised Statutes, article 3947, et seq., Laws of 1905, section 50; and in regard to local option elections in such school districts, the 25th Legislature in 1897, in amending article 3384, authorized local option elections in school districts as subdivisions of the county, and by amendment of article 402 of the Penal Code (see Laws of 28th Legislature, page 55) the sale of liquors in school districts adopting local option was made penal. The statute authorizing the formation of school districts shows, that these were formed purely for scholastic purposes, and taxation in connection therewith; that such districts are exceedingly flexible, (see sections 51 and 52, Laws of 1905) subject to frequent changes by the commissioners court at the instance of the communities. We furthermore find that counties are authorized to adopt the community system instead of the district system, and they are authorized to retain the community system where previously adopted. See section 50, Laws of 1905. Moreover, school districts are

authorized to embrace adjacent territory in two counties. Now, recognizing the fact that this territory is incorporated for purely school purposes, they are clearly not of like character or kind with the political subdivisions of the county heretofore mentioned; and the fact that the community system may be retained in a county to the exclusion of the district system, would suggest a further reason why school districts should not be regarded as political subdivisions of a county where local option can be adopted. And in addition to this, the fact that a school district may embrace portions of two different counties would be a further reason why the Constitution did not regard these as territory of like kind with the others mentioned in which local option could be put into force; because it would seem logical if local option could be put into operation in one school district, it could be put into operation in every school district, and if this plan should be adopted, the autonomy of the county as to local option would be thus destroyed, and we could have local option adopted in a school district which embraced portions of two different counties. Again, another provision of the Constitution heretofore quoted shows that a city or town may constitute an independent school district. Such city or town, under section 16, article 20, may in its municipal capacity adopt local option. The fact that it can do so, and that this is provided for in said section, would appear to negative the idea that it was intended to also empower such city or town to adopt local option as an independent school district. We accordingly hold that a school district is not a political subdivision of a county of like kind as those enumerated in the Constitution, and it was, therefore, not competent for the territory embraced in school district No. 32 of Palo Pinto County to adopt local option, and its adoption in said territory being without authority of law, same is null and void.

It is not necessary to discuss other assignments, but for the reasons stated, we hold that relator is held without authority of law, and he is accordingly ordered discharged, upon payment of all costs in this court.

*Relator discharged.*

Brooks, Judge, absent.