### H. T. Lyttleton, County Judge, v. Wm. M. Downer.

Decided January 6, 1910.

#### 1.—Mandamus—Change of Law—Appeal.

A judgment awarding mandamus against a public officer must be reversed and dismissed where, by change of the statutes, the defendant is no longer authorized to perform the act in question.

**2.—Same—Liquor License—Case Stated.**

A county judge who had refused to grant a liquor license to one applying under and in compliance with the terms of the Act of April 18, 1907 (Laws 30th Leg., p. 258), holding that the local option law was in force in the territory, was required by mandamus from the District Court, which held otherwise, to issue the license. Pending appeal by the defendant the Act of April 17, 1909 (Laws 31st Leg., p. 293) went into effect. Held, that plaintiffs application not being under nor in compliance therewith nor the judge longer authorized to issue license thereunder, nor his license, if so issued, of any validity, the judgment must be reversed and the case dismissed, the question of its correctness when passed not being determined.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*F. H. Prendergast,* for appellant.—The District Court has no jurisdiction to declare a local option election void unless the contest is filed within the time prescribed by law. Acts 1907, p. 447; Kidd v. Truett, 28 Texas Civ. App., 618; Hardy v. State, 52 Texas Crim. App., 420; Wilson v. State, 107 S. W., 818; Alexander v. State, 53 Texas Crim. App., 504; Evans v. State, 55 Texas Crim. App., 450; Norman v. Thompson, 96 Texas, 250; Savage v. Umphris, 118 S. W., 893.

A local option election held in a school district, being a subdivision of the county, is valid. Werner v. City of Galveston, 72 Texas, 27; San Antonio v. Jones, 28 Texas, 26; Johnson v. Martin, 75 Texas, 39; Stanfield v. State, 83 Texas, 321; Griffin v. Tucker, 102 Texas, 420; ex parte Heyman, 45 Texas Crim. App., 532, Dissent of Justice Brooks; Kidd v. Truett, 28 Texas Civ. App., 618.

The Supreme Court has recently had this matter under consideration in the case of Griffin v. Tucker, 102 Texas, 420, Court of Appeals opinion, 51 Texas Civ. App., 522, the specific question being whether a local option election could be held in commissioners' precinct composed of two justice's precincts, in one of which local option was in force, and the Supreme Court held that a local option election could be held in such precinct. In so doing it condemned the ruling of the Court of Criminal Appeals in ex parte Heyman, 78 S. W., 349; ex parte Mills, 79 S. W., 555; and approved the ruling of Judge Hurt in Aaron v. State, 34 Texas Crim. App., 103; ex parte Brown, 35 Texas Crim. App., 443, and the dissenting opinion of Judge Brooks in the Heyman case, and approved the opinion of the Court of Appeals in Kimberly v. Morris, 10 Texas Civ. App., 592; Kidd v. Truett, 28 Texas Civ. App., 618.

*Jones & Bibb,* for appellee.—The District Court has jurisdiction to declare void a local option election which was held in a territory where local option elections are not authorized to be held under the Constitution, and its jurisdiction in such instances is not limited by art. 3397, Rev. Stats., as amended by Acts of the 30th Legislature, p. 447. 15 Cyc., 316; 10 Am. & Eng. Ency. Law, 562; Boone v. State, 10 Texas Crim. App., 418; ex parte Haney, 51 Texas Crim. App., 634; ex parte Banks, 103 S. W., 1156; ex parte Heyman, 78

S. W., 349; Efird v. State, 46 Texas Crim. App., 582; Stephens v. People, 89 Ill., 337; Clark v. Hancock County, 27 Ill., 305.

A school district is not a political subdivision of a county wherein a valid local option election can be held. Art. 16, sec. 20, Constitution of Texas and amendment of 1891; ex parte Haney, 51 Texas Crim. App., 634; ex parte Banks, 103 S. W., 1156; Efird v. State, 46 Texas Crim. App., 582; Commissioners' Court of Nolan County v. Beall, 98 Texas, 104; ex parte Heyman, 78 S. W., 349; Bills v. State, 55 Texas Crim. App., 541.

HODGES, ASSOCIATE JUSTICE.—This suit originated in an application filed by the appellee to the District Court of Harrison County asking for a writ of mandamus to compel the appellant, as the county judge of that county, to grant him a license to engage in the sale of intoxicating liquors in the town of Waskom. The petition states that on the 12th day of April, 1909, the applicant applied for and obtained a permit from the Comptroller of the State of Texas, and on the 14th day of April following filed with the county clerk of Harrison County his petition to the county judge in accordance with the legal requirements provided in such cases; that the county clerk issued the notices required by law, and on the 29th day of April, 1909, the county judge heard the application for the license and made certain findings. From these as set out in detail in the petition, it appears that the county judge found as a fact that the appellant possessed the necessary qualifications to entitle him to a license under the law as it then existed, and that there was no objection to the grant of the license except the fact that local option was in force in the territory where his place of business was to be located. The judge incorporated in his findings the facts upon which he held that local option was in force in that locality. These show that in 1894 the territory around Waskom had been organized into an independent school district and had existed as such continuously since that time; that in December, 1900, in pursuance of an order of the Commissioners' Court of Harrison County an election was held in that independent school district for the purpose of determining whether or not the sale of intoxicating liquors should thereafter be prohibited; that the election resulted in favor of prohibition, and all the subsequent requirements of law for putting local option into effect were complied with. From these facts the county judge concluded as a matter of law that local option was in effect in that territory, and, as he states, for that reason refused to grant the license to the petitioner. The petition in this case was filed on the 2nd day of June, 1909, and appears to be a careful statement of all the material facts necessary to be shown under the law existing at that time to entitle the petitioner to license to engage in business as a retail liquor dealer. The record shows that at the hearing before the county judge the county attorney appeared and contested the application for license solely on the ground that local option was in effect in the territory where the place of business was to be located. The county judge failed to answer the petition of the applicant in the court below, but an answer was filed

by the county attorney, not, however, purporting to represent the county judge.

Upon a trial before the District Court a judgment was rendered awarding the writ prayed for. In this court that judgment is attacked solely upon the ground that local option was in force in the territory including the town of Waskom, and that under the law no license could legally be granted to the applicant to engage in such business there. That contest was answered by the appellee with the contention that the election upon which the contestant relied was invalid because the Commissioners' Court had no authority to order a local option election for an independent school district; that such territory was not one of the subdivisions mentioned in section 20 of article 16 of the Constitution of the State of Texas, in which the Legislature might authorize the holding of local option elections. The court below concurred in this view, and in his conclusions upon the case refers to ex parte Haney, 103 S. W., 1155, decided by the Court of Criminal Appeals of this State. In that case the court held that a local option election could not under the Constitution be held in an independent school district; that such territory was not a political subdivision of the county contemplated by the constitutional provisions above referred to.

It seems that the parties by agreement have attempted to make the validity of that election the exclusive test by which to determine whether the writ of mandamus should be issued in this case. But without deciding that question, or the further question as to whether this is a case in which the judgment of the county judge granting or refusing a license might be controlled by a writ of mandamus from the District Court, we think there are other objections to the issuance of the writ, which should first be considered in disposing of this appeal.

The application for license was made at a time when what is known as the Baskin-McGregor law, enacted in 1907, was in force and the proceedings for obtaining a license were conducted in compliance with the provisions of that law. But the Thirty-First Legislature made some radical changes in those provisions. See Acts of 1909, 293. Among other changes there are new and additional requirements as conditions upon which a permit may be obtained from the Comptroller. These are contained in section 9 in the Act referred to. Section 10a prohibits the county judge from granting a license to engage in the sale of intoxicating liquors in any village, town or city where the proposed place of business is within 300 feet of a church, school, or other educational or charitable institution. This provision is materially different from the former law. There are also other changes not necessary to mention. Section 35 of the Act of 1909 contains this provision. "All laws and parts of laws in conflict with this Act are hereby expressly repealed. Providing, all of the provisions relating to the sale of intoxicating liquors contained in any special charter granted by the Legislature to any city or town shall not be repealed by this Act, but the same shall be cumulative thereof. Provided that as soon as this law goes into effect all licenses heretofore issued shall immediately cease and determine, but the holders of such licenses shall

have until sixty days after this Act takes effect in which to obtain licenses under this Act, said licenses to be dated as of the date this Act takes effect, and the tax collector shall give such licensee credit for the unearned portion of such cancelled license as of the date this Act takes effect; and provided, during said sixty days said licensee shall have the right to pursue his business under and in accordance with the cancelled license and the laws applicable to same, which for that purpose are hereby kept in force for said sixty days." An affirmance of the decision of the court below would have the effect of compelling the county judge to grant the appellee a license in accordance with the provisions of the Acts of 1907, now repealed. Under the law as it now exists such a license would not only be useless, but would also be one which the county judge would not now be authorized to grant.

Upon the well established principle that a mandamus will not be granted unless the party applying therefor shows a clear legal right to the relief sought, we feel it our duty to reverse and dismiss this case, and it is accordingly so ordered. It is further ordered that the appellee pay all costs of this court and the court below.

*Reversed and dismissed.*