THE STATE OF FLORIDA *ex rel.* AMERICAN BAKERIES COMPANY, A CORPORATION, ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF GEORGIA, *Relator*, v. H. CLAY CRAWFORD, SECRETARY OF STATE OF THE STATE OF FLORIDA, *Respondent.*

En Banc.

Opinion Filed July 28, 1925.

1. The State may prescribe and change at will the terms, including the amount of charter fees, that shall be complied with by foreign corporations before they will be permitted to transact business in the State, no Federal matters being involved.

2. The enactment of Section 63, Chapter 10096, Acts of 1925, that "the provisions of section * * * 4052 (R. G. S.) as amended by Chapters 9123 and 9124 of the Laws of 1923 * * * shall not apply to corporations incorporated or reincorporated under this Act, but shall remain in full force and effect as to corporations incorporated previous to the effective date of this Act," has reference to corporations chartered in this State and not to foreign corporations which seek to enter the State to do business.

3. The statute authorizes the Secretary of State upon stated conditions to issue to foreign corporations permits to do business in this State, and the provision that "he shall not deliver such permit to the corporation until he shall have received from it for the use of the State a sum equal to that which the said corporation would have been required to pay as a charter fee if it had been incorporated under the laws of this State," relates to the charter fee that is required of local corporations that are incorporated at the time the permit is delivered to the foreign corporation.

4. By Chapter 9124, Acts of 1923, charter taxes are based on the amount of "capital stock;" and the legal question whether "capital stock" as used, means the entire authorized capital stock, or means the amount stated in the charter to be the capital stock of the corporation and does not include an increase of capital stock stated in the charter to be authorized if voted for by the stockholders, will not be decided in mandamus proceedings, where, subsequent to the issuance of the alternative writ to require a permit to be issued and prior to the hearing on motion to quash the writ because the proper charter tax was not tendered, a new statute has become effective requiring the charter tax to be based on the "stock authorized," since the State official will not by mandamus be required to comply with a statute no longer in force, no contract or vested right being involved.

5. Where an alternative writ of mandamus is issued to require the granting of a permit to a foreign corporation to do business in the State upon the payment of the amount of the charter tax prescribed by the statute as construed by the relator, to be calculated upon only the "capital stock" that

266 SUPREME COURT OF FLORIDA.

State ex rel. A. B. Co. v. Crawford Sec'y. of State—Opinion of Court.

is stated in the charter to be the capital stock and not upon an increased capital stock that is authorized by the charter to be issued upon a vote of the stockholders but not voted for or issued, and pending the hearing of the cause on motion to quash the alternative writ, a new statute becomes effective which requires the charter tax to be paid upon the "stock authorized," and the amount tendered as charter tax is not the proper amount for "stock authorized," the writ will be dismissed, since the court will not command the doing of an official act required by a statute, when the statutory conditions upon which the act is to be performed have been materially changed by a subsequent statute, and the condition of the subsequent Act have not been complied with, no contract or vested right being involved, but a mere application for a permit, the conditions of which are subject to legislative control.

A case of original jurisdiction.

Writ dismissed.

*Myers & Myers,* for Relator;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the Respondent.

WHITFIELD, J.—On May 20th, 1925, an alternative writ of mandamus was issued by this court requiring the Secretary of State to issue to the relator, a corporation chartered in another State, having a capital stock of $600,000.00 "with the right" "by a vote of two-thirds in amount of the capital stock outstanding at the time" "to increase said capital stock to any amount up to $10,000,000.00," a permit to transact business in the State of Florida upon the payment of $492.50 as the charter tax prescribed by Section 4062, Revised General Statutes, 1920, as amended by Chapters 9123 and 9124, Acts of 1923, *viz:* "a charter fee graded as follows: Two dollars upon each one thousand dollars of

the capital stock of such corporation up to the capital stock of one hundred twenty-five thousand dollars ($125,000.00), fifty cents per thousand on each additional thousand of the capital stock up to and including two million dollars ($2,-000,000.00), and twenty-five cents per thousand on each additional thousand of the capital stock above two million dollars ($2,000,000.00).''

Section 4096, Revised General Statutes, 1920, provides that the Secretary of State ''shall not deliver a permit to the (foreign) corporation until he shall have received from it for the use of the State a sum equal to that which the said corporation would have been required to pay as a charter fee if it had been chartered under the laws of this State.''

The relator contends that the statute requires a charter tax based only on the amount of the capital stock required by the charter to be issued for the business of the corporation (in this case $600,000.00), and not on any increase of capital stock that the corporation has authority to issue upon a vote of its stockholders, but has not yet taken the necessary corporate steps to issue. See State *ex rel.* Standard Oil Co. v. Hull, 168 Wis. 269, 169 N. W. Rep. 617; London & L. Fire Ins. Co. v. Ludwig, 86 Ark. 581, 112 S. W. Rep. 197. The State insists that proposed charters filed with the Secretary of State shall state ''the amount of the capital stock authorized'' (Sec. 4050, Rev. Gen. Stats. 1920), and that the charter tax under the quoted statute is based on the entire authorized capital stock of the corporation (in this case $10,000,000.00.) See Hillman Land & Iron Co. v. Commonwealth, 174 Ky. 755, 192 S. W. Rep. 821; State v. St. Louis & S. F. R. Co., 81 Kan. 404, 105 Pac. Rep. 685. Foreign corporations must pay the same charter fees as Florida corporations pay. ''The contention of the relator

is that the capital stock of the company as fixed by its charter is six hundred thousand dollars.

"Upon this basis the charter fee would be as follows:

Two dollars on each $1000 of the first
$125,000 .........................$ 250.00

Fifty cents on each $1000 of the next
$475,000 ...........................  237.50

Fee of Secretary of State.............:.    5.00

                                      _____

                              $492.50

"The contention of the respondent is that the capital stock of the corporation is ten million dollars.

"Upon this basis the charter fee would be as follows:

Two dollars on each $1000 of the first
$125,000 .........................$ 250.00

Fifty cents on each $1000 of the next
$1,875,000 ...........................  937.50

Twenty-five cents on each $1000 of the
next $8,000,000 .......................  2000.00

Fee of Secretary of State..............    5 00

                                      _____

                              $3192.50''

The brief for the relator on the respondent's motion to quash the alternative writ, on the ground that $492.50 was not the proper amount required by the statute, was filed July 8, 1925. Before the cause was reached by the court for oral argument requested and for determination, a newly enacted statute, Chapter 10,096, Acts of 1925, which became effective July 15, 1925, provides, Section 56, that: "On filing any certificate of incorporation or other paper relating to corporations in the office of the Secretary of

VOL. 90, JUNE TERM, 1925. 269

State ex rel. A. B. Co. v. Crawford Sec'y. of State—Opinion of Court.

State, the following fees and taxes shall be paid to the Secretary of State for the use of the State:

"On filing a certificate of incorporation:

$2.00 for each $1,000 of par value of stock authorized up to and including $125,000.

50 cents for each $1,000 of par value of stock authorized in excess of $125,000 and not in excess of $1,000,000.00.

25 cents for each $1,000 of par value of stock authorized in excess of $1,000,000.00 and not in excess of $2,000,000.00.

10 cents for each $1,000 of par value of stock authorized in excess of $2,000,000.00."

The relator asserts that:

"If the capital stock be $10,000,000.00 instead of $600,-000.00, then the amount which would be required to be paid under the new law would be as follows:

"On $125,000.00 @ $2 per M............$ 250.00
On $875,000 @ 50c per M.............. 437.50
On $1,000,000 @ 25c per M............ 250.00
On $8,000,000 @ 10c per M............ 800.00
Sec. of State's fee...................... 5.00

Total ...........................$1742.50"

Section 63 of the Act of 1925, enacts that "the provisions of section * * * 4052 (R. G. S.) as amended by Chapters 9123 and 9124 of the laws of 1923 * * * shall not apply to corporations incorporated or reincorporated under this Act, but shall remain in full force and effect as to corporations incorporated previous to the effective date of this Act." This provision has reference to corporations chartered in this State and not to foreign corporations which seek to enter the State to do business.

The State may prescribe and change at will the terms, including the amount of charter fees, that shall be complied with by foreign corporations before they will be permitted to transact business in the State, no Federal matters being involved. 14A C. J. 1245, 1252-6; 36 Cyc. 1226.

The provision that the Secretary of State "shall not deliver such permit to" a foreign corporation until he shall have received for it for the use of the State a sum equal to that which the said corporation would have been required to pay as a charter fee if it had been chartered under the laws of this State," relates to the charter fee that is required of local corporations that are incorporated at the time the permit is delivered to the foreign corporation. When the permit was applied for and when the alternative writ was issued the Act of 1923 was in force.

At this time before judicial action is taken on the alternative writ, the Act of 1925 is in effect. The Act of 1925 bases the charter fee on "stock authorized," while the Act of 1923 based the fee on "capital stock." In so far as the two laws are inconsistent, the Act of 1923 is repealed by necessary implication.

Does the repeal of the Act of 1923 abate the alternative writ? Or is it proper for the court, no vested rights being involved, to construe and enforce by mandamus the law of 1923 which was in effect when the application for a permit was made and when the alternative writ of mandamus was issued, but which is now superseded?

In State ex rel. Bloxham v. Gibbs, 13 Fla. 55, a statutory duty was sought to be enforced by mandamus. After the alternative writ was issued, but before a peremptory writ was ordered, the statute imposing the duty was repealed, and the court dismissed the writ. See 26 Cyc. 425.

In this case the statute imposing the duty sought to be

enforced has been repealed by implication or at least superseded by a later statute which apparently materially changed the conditions affecting the duty to issue the permit desired, in that it requires charter fees to be predicated upon different bases, therefore it cannot be said that the new statute amends but continues the former law without material change in particulars that affect relator's right to a peremptory writ.

If it should be held that the Act of 1923 related by intendment to all stock "authorized" to be issued upon further action taken by the stockholders alone, and not merely to "capital stock" then required to be issued, the alternative writ must be quashed, for that is the contention of the State. On the other hand, if the Act of 1923 should be held to relate only to capital stock *required* to be issued at the time the permit is granted, that law has been superseded by a later statute, which expressly makes "stock authorized" the basis for paying charter fees, and Section 4096, Revised General Statutes, 1920, requires the proper amount to be paid before the permit shall be delivered. As the relator's application for the permit gave it no vested or contract right while the former law was in force, the relator has now no right to a peremptory writ to enforce a statutory duty in the premises when such duty on the conditions alleged no longer exists, because of the change in the statute law. See Auditor v. Wineman, 80 Miss. 73, 31 South. Rep. 537; Lyttleton v. Downer, (Tex. Civ. App.) 124 S. W. Rep. 994; Springfield v. Hampden Commissioners of Highways, 6 Pick. (Mass.) 500; Cutcomp v. Utt, 60 Iowa 156, 14 N. W. Rep. 214; 19 Am. & Eng. Ency. Law (2nd ed.) 903. See 13 Ency. Pl. & Pr., 494-5; State *ex rel.* Vereen v. Commissioners of Marion County, 27 Fla. 438, 8

South. Rep. 749; Hall v. Steele, 82 Ala. 562, 2 South. Rep. 650; 2 Spelling on Inj. and Ex. Rem., §1378.

The writ is dismissed.

WEST, C. J., AND TERRELL, STRUM AND BROWN, J. J., concur.