[S. F. No. 14586. In Bank.—March 15, 1933.]

LEO C. McCANN et al., Petitioners, v. FRANK C. JORDAN, Secretary of State, etc., Respondent.

Ellis, Lyman & Steindorf for Petitioners.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

THE COURT.—At the earnest insistence of the attorney-general, a rehearing was granted in this case; but after further consideration we see no escape from the conclusion previously announced. Accordingly, we adopt the opinion heretofore rendered by Mr. Justice Langdon as the opinion of this court. It reads as follows:

"On February 5, 1932, petitioners, the incorporators and first directors of Lincoln Shares Corporation, presented duly executed and acknowledged articles of incorporation to respondent Secretary of State for filing. At such time they tendered the necessary nominal fees for comparing documents, etc. Respondent refused to file the articles unless first paid the sum of $1,000 as a filing fee, based upon the provision in the articles for 1,000,000 shares of nonpar stock. Thereupon, petitioners sought a writ of mandate in this court.

"The controversy arises out of a strange legislative omission. Section 409, subdivision 5, of the Political Code, states the fees required for filing articles of incorporation. These fees are graduated in accordance with the amount of 'capital stock'. Thus, where the amount is $25,000 or less, the fee is $15; if it is between $500,000 and $1,000,000, the fee is $100. No method is contained in said section whereby there may be computed the fee to be charged on nonpar stock. Prior to 1931, section 290d of the Civil Code made express provision for this situation by declaring that for the purpose

of fixing the fee prescribed by section 409 of the Political Code, in the case of nonpar stock, the basis thereof should be an amount equal to the number of shares multiplied by $10. In other words, each share of nonpar stock was given an arbitrary value of $10, and in the instant case the 1,000,000 shares would have been valued at $10,000,000, and a filing fee of $1,000 would have been proper. But in 1931, with the enactment of the General Corporation Law, section 290d was repealed. No provision remains in any of our statutes which sets a valuation upon nonpar shares for purposes of filing original articles of incorporation. There is, however, a provision (Pol. Code, sec. 409, subd. 7) for the valuation of such shares upon the filing of *amended* articles abolishing par stock, and authorizing the issuance of nonpar stock, or authorizing the issuance of additional shares of nonpar stock.

"The question presented by these facts may be simply stated: Is the Secretary of State entitled to collect a fee which is not required by the statutes prescribing fees? Obviously the answer is no.

"Whatever may have been the purpose of the omission, and it seems clearly to have been inadvertent, its effect is to leave no method by which a filing fee for nonpar stock may be computed where original articles are filed. The Secretary of State has proceeded to apply the same rule which prevailed under the repealed Civil Code section. We see no warrant for such action. There is nothing discretionary in the exaction of a statutory filing fee of this sort, and his duties are purely ministerial.

"Respondent argues that since the statute makes payment of the prescribed filing fees a condition precedent to filing articles (*Pacific Gas & Electric Co.* v. *State of California*, 214 Cal. 369 [6 Pac. (2d) 78]), the duty to collect a fee remains, even though the standard of measurement has been eliminated; and that to exempt corporations with nonpar stock from this requirement would result in an unconstitutional discrimination. Neither contention can justify the imposition of a fee which the statute does not require. The fact that the statute does provide for fees where articles are amended, only indicates that the repeal of the provisions formerly contained in section 290d of the Civil Code was inadvertent. It is impossible by construction to

make the subdivision on amended articles applicable to original articles.

"It necessarily follows that respondent had no authority to demand a filing fee of $1,000, and that it is his duty to file said articles forthwith. The alternative writ heretofore issued should be made peremptory, and it is so ordered."

It may be observed that the legislative omission dealt with in this opinion has since been corrected by "urgency" legislation. (Stats. 1933, chap. 20, amending Pol. Code, sec. 409, subd. 5.)