[S. F. No. 14586. In Bank.—July 28, 1933.]

LEO C. McCANN et al., Petitioners, v. FRANK C. JOR-
DAN, as Secretary of State, etc., Respondent.

578

Ellis, Lyman & Steindorff for Petitioners.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

THE COURT.—Petitioners, on February 5, 1932, sought to file articles of incorporation for Lincoln Shares Corporation, and tendered the nominal filing fees then required by statute for a corporation having only nonpar stock. Upon refusal of respondent Secretary of State to file the articles unless paid a filing fee of $1,000, petitioners sought and obtained an alternative writ of mandate from this court. Our final decision after rehearing was rendered March 15, 1933, and a peremptory writ was issued, requiring respondent to file the articles upon payment of the fees previously tendered. (*McCann* v. *Jordan*, 217 Cal. 506 [20 Pac. (2d) 47].) Respondent, acting upon the advice of the attorney-general, again refused to file the articles, and on April 6, 1933, this court issued its order to show cause why respondent should not be adjudged in contempt.

The contention of respondent is that, conceding the force of this court's holding that the fee demanded was not required by the statutes in force at the time of petitioners' application, nevertheless this stipulation was corrected by urgency legislation which went into effect while the case was pending in this court. (Stats. 1933, chap. 20, amending Pol. Code, sec. 409, subd. 5.) Under the amended statute the fees demanded by respondent are proper. Hence, the sole question before us now is whether respondent may require compliance with the statute in its present form, notwithstanding the prior application of petitioners. This issue was not raised or considered in the former proceeding.

In our opinion the amended statute is clearly applicable to petitioners' application, and no satisfactory reasoning or authority has been presented to us which casts any doubt upon this conclusion. The statute in terms applies to any

application now pending before the respondent; hence no question of statutory construction is presented. ▮ The retroactive operation of a civil statute is by no means unusual, and no constitutional objection exists to such operation save where a vested right, or the obligation of a contract, is impaired. (*County of San Bernardino* v. *Industrial Acc. Com.*, 217 Cal. 618 [20 Pac. (2d) 673]; *Los Angeles* v. *Oliver*, 102 Cal. App. 299 [283 Pac. 298].) Petitioner suggests that the incorporation statutes are "a general offer" by the state "to bring a group of persons into corporate being upon the fulfillment of statutory requirements then existing", and that upon "acceptance" of that offer "a substantial contract right is created". No authority is cited for this unique view, and we think it requires no discussion to dispose of the contention that the statutory conditions for incorporation constitute an offer which results in a contract upon the mere filing of the application. Petitioners certainly had a right, enforceable at law, to compel respondent to accept their articles if in compliance with statutes then in force. But whatever may have been petitioners' right at the time of the original application, it is plain that they have no present right to have their articles filed except in compliance with existing law.

In *State* v. *Crawford*, 90 Fla. 264 [105 So. 446], a foreign corporation tendered to the Secretary of State of Florida the requisite fees for filing articles. The latter refused to accept them, demanding a larger fee. An alternative writ of mandate being granted, the case came before the court, but prior to decision, the law was amended so as to require the larger fee. The court dismissed the writ on the ground that the new statute governed, saying: "As the relator's application for the permit gave it no vested or contract right while the former law was in force, the relator has now no right to a peremptory writ to enforce a statutory duty in the premises, when such duty on the conditions alleged no longer exists because of the change in the statute law."

This case is almost directly in point, there being no substantial distinction between the rights of foreign corporations and the incorporators of a domestic corporation, so far as the legislative power in question is concerned.

Such cases as *Rose* v. *Estudillo,* 39 Cal. 270, where petitioner held county warrants, a recognized contractual obligation, and *Montgomery* v. *Kasson,* 16 Cal. 189, where the grantee of land from the state performed work of reclamation, having a vested right in the land, are clearly distinguishable. Here we have no contract and no vested right. The situation before us here is very similar to that presented by an application for a permit to build a certain type of structure in a certain place, under the terms of an existing zoning ordinance, followed by a change in the ordinance. It is well settled that the new ordinance may operate retroactively to require a denial of the application, or the nullification of a permit already issued, provided that the applicant has not already engaged in substantial building or incurred expenses in connection therewith. (*Brougher* v. *Board of Public Works,* 205 Cal. 426 [271 Pac. 487] ; *Wheat* v. *Barrett,* 210 Cal. 193 [290 Pac. 1033] ; *Brett* v. *Building Com. of Brookline,* 250 Mass. 73 [145 N. E. 269].)

 Had the point now urged been called to the attention of the court prior to the time the peremptory writ of mandate was issued, the writ would have been refused. Consequently, respondent cannot properly be adjudged in contempt.

The order is discharged.