[Civ. No. 35539. Second Dist., Div. One. July 23, 1970.]

EUGENIA IGNA, Plaintiff and Appellant, v.
CITY OF BALDWIN PARK et al., Defendants and Respondents.

## COUNSEL

David C. Marcus for Plaintiff and Appellant.

Robert Flandrick, City Attorney, and Martin & Flandrick for Defendants and Respondents.

## OPINION

**LILLIE, Acting P. J.**—Prior to incorporation of defendant city, plaintiff was the owner of three parcels of property on Garvey Boulevard devoted in part to the operation of automobile trailer parks. Subsequent to its incorporation, defendant city adopted a comprehensive zoning ordinance (Gov. Code, § 65800 et seq.) whereunder the operation of plaintiff's three parcels, therein classified C-2 (heavy commercial), as trailer parks became nonconforming absent a conditional use permit issued by the city after application therefor. When plaintiff thereafter applied for permits to improve her three properties, she was advised by the officials of defendant city that she was first required to obtain a conditional use permit for the continued operation of her nonconforming trailer parks. She declined to apply for such latter permit; instead, she instituted the instant action in which various forms of relief, including mandamus to compel the issuance of certain permits, injunctive and declaratory relief, and damages by way of inverse condemnation, were demanded. The demurrer of all defendants having been sustained without leave to amend, plaintiff appeals from the ensuing judgment, as amended *nunc pro tunc,* dismissing the action.

Defendants demurred specially[1] as well as generally. In conjunction therewith, plaintiff was served with a copy of Ordinance No. 357 adding certain sections to the Baldwin Park Municipal Code which are denominated as the Zoning Code of that city; such information having been furnished the trial court it was entitled to take judicial notice thereof (Evid. Code, § 453). ▮ Among the several grounds urged in support of the general demurrer was the claim that plaintiff failed to exhaust the administrative remedies provided by the ordinance thus foreclosing her from invoking judicial relief. The trial court, by minute order disclosing its views in that regard, sustained the general demurrer upon the above ground. For reasons hereinafter stated we think that its determination was

---

[1]The special demurrer points out but one of several deficiencies in the complaint, namely, that eight causes of action therein set forth are not separately stated. (Code Civ. Proc., § 430, subd. 5; *Lamb* v. *Ward,* 101 Cal.App.2d 338, 343 [255 P.2d 317].)

correct as was its further conclusion that plaintiff's complaint was incapable of amendment to state a cause of action.

Section 9402 of defendant city's zoning code sets forth the purpose of such legislation which, among other specific objectives therein declared, is "to promote the public health, safety, welfare and general prosperity with the aim of preserving a wholesome, serviceable and attractive community." Part V of said code (§ 9470 et seq.) pertains to zone variances and conditional use permits, provision being made for the granting of zone variances (§ 9470) and the showing to be made when a variance is sought (§ 9471). Section 9472 is entitled *"Conditional Use Permits. When Required."* It is therein declared that "The purpose of any conditional use permit shall be to insure that the proposed use will be rendered compatible with other existing, and permitted uses, located in the general area of the proposed use. The following uses shall be permitted provided that a conditional use permit is first issued: . . . 3. Automobile trailer parks. . . ." The procedure for obtaining a variance or conditional use permit is then set forth in section 9474 et seq. Pursuant to section 9474, applications must be filed with the planning department on forms furnished by it and, as provided by section 9475, accompanied by a filing and processing fee in the sum of $100. Sections immediately following pertain to *"Hearings"* (§ 9476), *"Notices"* (§ 9477), *"Planning Commission Action"* (§ 9478), and *"Appeals"* (§ 9480).

As indicated earlier, plaintiff was made aware of these administrative procedures; indeed her complaint makes express reference to correspondence with defendant's city attorney, in reply to her inquiry, wherein she was advised by letter dated February 12, 1969, that (1) a conditional use permit was required for the continued operation of her nonconforming trailer park and that she should apply therefor; (2) a permit for "roll-top" curbs could not be granted since such type of curbing was not in accordance with the city's standards; and (3) her request for a connection with a city sewer line to serve one of her properties would be permitted if it in no way affected or altered the existing nonconforming use of that particular trailer park. Her failure to follow the steps suggested by the city attorney, or otherwise comply with the procedures set forth in the zoning code, is predicated on the proposition that as to her trailer parks the numerous conditions which must be met for the issuance of a nonconforming use permit are financially oppressive, unreasonable and arbitrary; too, that there is no constitutional sanction for the conditions and restrictions contained in the comprehensive zoning ordinance which, if upheld, would result in the destruction of plaintiff's businesses, all legally maintained and operated prior to the enactment thereof. "In sustaining the defendants' demurrer without leave to amend," she states in her brief, "the plaintiff was

deprived of her day in court to factually establish that the nonconforming use was the same before and after the passage of the zoning ordinance."

 There can be no doubt, and plaintiff has so alleged, that the zoning ordinance here is a comprehensive ordinance which excludes from certain districts all nonconforming uses. If the same is not arbitrary in its operation, there can now be no question that a city's governing body has the power to adopt such legislation. (*City of Long Beach* v. *California Lambda etc. Fraternity,* 255 Cal.App.2d 789, 794 [63 Cal.Rptr. 419, 25 A.L.R.3d 912]; Gov. Code, §§ 65800, 65850.) Section 65800 declares in part that "It is the purpose of this chapter to provide for the adoption and administration of zoning laws, ordinances, rules and regulations by counties and cities, as well as to implement such general plan as may be in effect in any such county or city." Accordingly, section 65850 provides that "Pursuant to the provisions of this chapter, the legislative body of any county or city by ordinance may: (a) Regulate the use of buildings, structures and land as between agriculture, industry, business, residence and other purposes." Mention was made of the above statutes in the *City of Long Beach* case where this court said: "Every intendment is in favor of the validity of zoning ordinances and it is presumed that the enactment as a whole is justified under the police power and adopted to promote the public health, safety, morals and general welfare. This court cannot write zoning laws nor can we say that the City Council of Long Beach has erred in drawing lines of zoning districts or in restricting territory devoted to R-4 uses, unless there is a clear showing upon the part of defendants that the council has abused its discretion by making restrictions which are unreasonable." (*Supra,* 255 Cal.App.2d at p. 794.)

However, the main thrust of plaintiff's argument, as we analyze it, is not so much that defendant city's comprehensive zoning ordinance could not be validly enacted but, rather, that its provisions have been unconstitutionally applied to the operation of her properties. She cites *Jones* v. *City of Los Angeles,* 211 Cal. 304 [295 P. 14], *Wilkins* v. *City of San Bernardino,* 29 Cal.2d 332 [175 P.2d 542], *Trans-Oceanic Oil Corp.* v. *Santa Barbara,* 85 Cal.App.2d 776 [194 P.2d 148], and other cases which hold generally that zoning ordinances may not operate retroactively to divest a permittee of vested rights previously acquired. Thus, in *Jones* it is stated that " 'Zoning looks to the future, not the past, and it is customary to allow buildings and businesses already in the district to remain, although of a class which cannot be established. . . .' [Citation.]" (211 Cal. at p. 311.) But in *Trans-Oceanic* the court nonetheless makes mention of the following rule (with citation of authorities) which was applied in *McCann* v. *Jordan,* 218 Cal. 577, 580 [24 P.2d 457]: "It is well settled that the new ordinance may operate retroactively to require a denial of the appli-

cation, or the nullification of a permit already issued, provided that the applicant has not already engaged in substantial building or incurred expenses in connection therewith."

The foregoing rule manifestly governs here since there is no allegation by plaintiff that she was engaged in building or had undergone expenses immediately prior to the enactment of the comprehensive ordinance or in connection with any application filed by her with the planning department. To the contrary, she declined to file such application for reasons set forth *in extenso* in her complaint. As properly pointed out by the trial court in its minute order sustaining the demurrer without leave to amend "[plaintiff] spent large sums of money improving business property along Garvey Avenue [*sic*] in defendant city before its comprehensive zoning ordinance was enacted. It is to be noted that no agency has attempted to close her out on the basis of change of circumstances or to prohibit her operation. The defendant claims that she must comply with the ordinance, and receive and perform those acts which will bring the property within standards of various city agencies, including police, sanitation, zoning, etc. The demands of the city will be forthcoming when she applies for a conditional use, pays a filing fee (which but partially recompenses the city for the man hours of time needed to examine and make recommendations respecting her property) and performs her responsibility under the ordinance."

Implicit in the foregoing ruling is the court's recognition that plaintiff has failed to exhaust the administrative remedies accorded her under the ordinance. "A party aggrieved by the application of a statute or ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief. [Citations.]" (*Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267, 269 [148 P.2d 645].) In *Metcalf,* as here, it was contended that the ordinance was unconstitutional as applied to plaintiff's property since it proscribed a particular use thereof; it was nevertheless held that such constitutional challenge must be preceded by an application to the zoning authorities for an exception or variance under the act—in the instant proceeding, a conditional use permit. The governing rule is thus rationalized: "A zoning ordinance places limitations upon the use of land within designated areas in accordance with the general policy adopted by the legislative body. The ordinance may be arbitrary and discriminatory in isolated cases as applied to certain property, and compliance therewith may present unusual difficulties in many other instances. But it is manifestly impracticable, if not impossible, to enumerate in the ordinance itself the varied factual situations to which the ordinance is not applicable because of constitutional objections or other special considerations. Consequently, almost every zoning ordinance, including the one under considera-

tion, contains provisions whereby an owner may apply to an administrative body for permission to put his land to a nonconforming use." (*Supra,* pp. 270-271.)[2]

■ In light of the above rule, it is clearly apparent that the instant proceeding was prematurely instituted. This brings us to plaintiff's final point that it was error to sustain the demurrer without leave to amend. As stated at the outset, plaintiff sought both injunctive and declaratory relief; she also asked for damages by way of inverse condemnation, although she did not allege compliance with the applicable claims statutes (Gov. Code, § 900 et seq.) which is a necessary requirement to that form of relief. Due consideration being given to the various remedies sought in plaintiff's pleading, we are of the view that the rule of exhaustion of administrative remedy applies in each instance. Such rule is applicable if the action be for declaratory relief (*Dunham* v. *City of Westminster,* 202 Cal.App.2d 245, 249-250 [20 Cal.Rptr. 772]); it likewise governs where an injunction is demanded to enjoin the enforcement of a zoning ordinance. (*Metcalf* v. *County of Los Angeles, supra,* 24 Cal.2d 267.) If a prohibitory injunction cannot be granted to prevent the exercise of legislative discretion, it necessarily follows that mandamus will not lie to order the exercise of legislative authority in a certain manner. (*City Council of Santa Barbara* v. *Superior Court,* 179 Cal.App.2d 389, 394-395 [3 Cal.Rptr. 796].) ■ "When it is clearly indicated that plaintiff would be unable to amend to state a cause of action it is proper for the court to sustain the demurrer without leave to amend. Leave to amend is appropriately withheld where it is clear that plaintiff is seeking the 'legally impossible.' [Citation.] This is the situation here." (*Robinson* v. *Robinson,* 198 Cal.App.2d 193, 197 [17 Cal.Rptr. 786].)

The judgment, as amended *nunc pro tunc,* is affirmed.

Thompson, J., and Gustafson, J., concurred.

---

[2]Subsequent to the filing of her notice of appeal (June 28, 1969), it appears that plaintiff did apply to the planning commission or department for conditional use permits on all three of her properties, which applications were approved (August 27, 1969) subject to numerous conditions. We cannot accept defendants' argument that the issues on appeal have thus become moot since there is no showing that plaintiff has complied with the last of such conditions, namely, that "the applicant shall sign an affidavit that [s]he has read and accepts all conditions of approval for the Conditional Use Permit before a Building Permit will be issued."