[Civ. No. 57894. Second Dist., Div. Three. Nov. 12, 1980.]

CONEJO VALLEY UNIFIED SCHOOL DISTRICT,
Plaintiff and Appellant, v.
WILLIAM BLUROCK & PARTNERS, INC., et al.,
Defendants and Respondents.

COUNSEL

Dorothy L. Schechter, County Counsel, and Gary Byron Roach, Assistant County Counsel, for Plaintiff and Appellant.

Morris & Polich, Douglas C. Purdy and Suzan J. Radin for Defendants and Respondents.

OPINION

KLEIN, P. J.—Petitioner and appellant Conejo Valley Unified School District (District) appeals from the denial of its petition for an order to compel arbitration under Code of Civil Procedure section 1281.2[1] and

---

[1]Code of Civil Procedure section 1281.2 states in pertinent part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists...."

to consolidate separate arbitration proceedings under Code of Civil Procedure section 1281.3.[2] The appeal lies.

FACTS

On March 11, 1975, the District and respondent William Blurock & Partners, Inc. (Blurock) entered into a written contract wherein Blurock, an architectural firm, agreed to provide all necessary architectural services, including drawings and specifications, in connection with the District's intention to construct a new high school. The contract provided for arbitration of any dispute that might arise under it.

The District thereafter awarded Strecker Construction Company (Strecker) the site preparation contract for the high school. During the site preparation work, Strecker experienced difficulty in following and interpreting Blurock's plans and specifications relative to generating and stockpiling excess materials, which materials were to be accumulated during the grading process.

At the completion of the site preparation work, Strecker filed a claim against the District in the amount of $189,370 plus interest for rehandling of materials due to alleged misrepresentations in the plans. The District then made a demand for arbitration pursuant to American Arbitration Association (AAA) construction industry arbitration rules, seeking indemnification against Blurock for all amounts due Strecker under its claim. The District and Strecker have agreed to arbitrate their dispute "as provided for in their contract."

The District demanded arbitration of this same dispute with Blurock, but Blurock refused, claiming no dispute had arisen under its agreement with the District.

---

[2]Code of Civil Procedure section 1281.3 provides in relevant portions: "A party to an arbitration agreement may petition the court to consolidate separate arbitration proceedings, and the court may order consolidation of separate arbitration proceedings when: [¶] (1) Separate arbitration agreements or proceedings exist between the same parties; or one party is a party to a separate arbitration agreement or proceeding with a third party; and [¶] (2) The disputes arise from the same transactions or series of related transactions; and [¶] (3) There is common issue or issues of law or fact creating the possibility of conflicting rulings by more than one arbitrator or panel of arbitrators. [¶] . . . If the applicable arbitration agreements name separate arbitrators, panels, or tribunals, the court, if it orders consolidation, shall, in the absence of an agreed method of selection by all parties to the consolidated arbitration, appoint an arbitrator in accord with the procedures set forth in Section 1281.6. . . ."

All statutory references hereinafter are to the Code of Civil Procedure, unless otherwise indicated.

The March 11, 1975, contract between the District and Blurock contains language relating to arbitration as follows: "All questions in disput [*sic*] under this agreement shall be subjected to arbitration at the election of either party. Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association in so far [*sic*] as the same are not in conflict with the laws of the State of California."

## CONTENTION

The District contends that the claim by Strecker against the District arising out of a question concerning the accuracy and completeness of the drawings and specifications prepared by Blurock creates a "dispute" under the agreement between the District and Blurock, and therefore the trial court erred in denying the District's petition for an order to compel arbitration between them and to consolidate separate arbitration proceedings.

## DISCUSSION

■ One issue presented on this appeal is whether Strecker's claim against the District for a substantial sum in excess of the contract price arising from the rehandling of materials due to "...alleged misrepresentations in the specifications and drawings for the...construction site preparation..." created a dispute under the agreement between the District and Blurock which was properly the subject of arbitration, contrary to the trial court's finding that "[t]his dispute does not arise out of the agreement between [District] and [Blurock]."

Preliminarily, we note that we are not bound by the trial court's interpretation of the contract between the parties, since the trial court herein did not consider any extrinsic evidence. In addition to oral argument, the trial court read and considered the petition for an order to compel arbitration and to consolidate separate arbitration proceedings, the memorandum of points and authorities in support of said petition, together with the exhibits attached thereto, and the memorandum of points and authorities in opposition.

As the court in *Integrated, Inc.* v. *Alec Fergusson Electrical Contractor* (1967) 250 Cal.App.2d 287 [58 Cal.Rptr. 503], observed: ■ "The interpretation of a written instrument is solely a judicial function unless it turns upon credibility of extrinsic evidence. [Citation.] An appellate court is not bound by a trial court's construction of a written

instrument where such construction is based solely on the instrument without extrinsic evidence.... [Citations.]" (*Id.*, at pp. 293-294.)

The same rule of appellate review applies to arbitration provisions of contracts. (*B. L. Metcalf General Contractor, Inc.* v. *Earl Erne, Inc.* (1963) 212 Cal.App.2d 689, 693 [28 Cal.Rptr. 382].) Thus, "[w]e are free to make our own independent interpretation of the terms of the contract and its application to the instant dispute. [Citations.]" (*Berman* v. *Dean Witter & Co., Inc.* (1975) 44 Cal.App.3d 999, 1003 [119 Cal.Rptr. 130].)

The contract between the District and Blurock specifically provides that "[t]he Architect shall prepare from the approved design development documents, working drawings and specifications setting forth in detail and prescribing the work to be done, and the materials, workmanship, finishes, and equipment required for...site work." It also requires that "[t]he Architect will endeavor to secure compliance by contractors with the contract requirements," while not guaranteeing performance.

The contract thus requires Blurock to prepare adequate plans which set forth in detail with accuracy and clarity what is expected of the site work contractor and how the contractor is to go about performing the work. The contract also calls for Blurock to supervise the work toward compliance with the contract. When Strecker, the site work contractor, claims that the plans were faulty in some important aspects, causing Strecker to expend substantial additional sums in attempting to comply with Strecker's interpretation of the plans, a dispute is created between the District and Blurock concerning the accuracy, completeness and clarity of the plans as submitted and whether Blurock properly endeavored to secure compliance.

█ The District is in no position to defend the plans of its architect. It hired Blurock's expertise in this area and relied on Blurock to prepare adequate plans. Clearly Blurock must come forward with explanations to the District and in answer to Strecker's allegations in an effort to resolve the dispute.

In its demand for arbitration with Blurock, the District is seeking indemnification against Blurock for all amounts due Strecker under the latter's claim. If Strecker were to collect against the District in the existing arbitration proceeding for alleged misrepresentation in the plans,

the District could then force Blurock to arbitrate the "dispute" as to whether the plans and specifications it drew were in fact so misleading as to cause damage to Strecker, for which the District in turn had to pay and for which Blurock would be ultimately responsible. It logically follows that the dispute should be resolved in one proceeding, not two.

In the light of the admitted fact situation herein, to interpret the pertinent contractual provisions any other way would be to exalt form over substance. (Civ. Code, § 3528; *American Center For Education, Inc.* v. *Cavnar* (1978) 80 Cal.App.3d 476, 490 [145 Cal.Rptr. 726].)

Since public policy favors arbitration, any doubts we might entertain as to the District's right to arbitrate must be resolved in favor of ordering arbitration. (*Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42* (1971) 4 Cal.3d 888, 892 [95 Cal.Rptr. 53, 484 P.2d 139]; *Player* v. *Geo. M. Brewster & Son, Inc.* (1971) 18 Cal.App.3d 526, 534 [96 Cal.Rptr. 149].)

Further, general arbitration provisions similar to the one between the District and Blurock, which provide for the arbitration of *all* questions in dispute under an agreement, have been held to require the parties to arbitrate *any* dispute growing out of the contract and its performance. (*Morris* v. *Zuckerman* (1967) 257 Cal.App.2d 91, 96 [64 Cal.Rptr. 714]; *B. L. Metcalf General Contractor, Inc.* v. *Earl Erne, Inc., supra,* 212 Cal.App.2d at p. 691.)

The trial court erred in not finding that Strecker's claim against the District based upon alleged faulty architectural plans created a "dispute" under the contract between the District and Blurock so as to call for arbitration thereof.

Since we conclude that the District's petition for an order to compel arbitration should have been granted, it follows that an order to consolidate separate arbitration proceedings into one proceeding was entitled to due consideration.

We are not persuaded by Blurock's argument that the retroactive application of section 1281.3, allowing for consolidation, would unconstitutionally impair the contractual obligations of compliance with the agreed method of selecting an arbitrator, and thus a vested right.

Granted, the contract between the District and Blurock was entered into in March of 1975, at a time prior to the 1978 effective date of section 1281.3, which provides for a statutory procedural remedy for consolidation of separate arbitration proceedings. We are also aware that prior to the enactment of section 1281.3, there was no statutory procedural remedy by which to consolidate separate arbitration proceedings. (See *Atlas Plastering, Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 63 [140 Cal.Rptr. 59].)

However, a retroactive law is not invalid per se. The Supreme Court in *McCann* v. *Jordan* (1933) 218 Cal. 577 [24 P.2d 457] said: "The retroactive operation of a civil statute is by no means unusual, and no constitutional objection exists to such operation save where a vested right, or the obligation of a contract, is impaired. [Citations.]" (*Id.*, at p. 579.)

Therefore, the application of section 1281.3 to the instant case is not prohibited unless to do so would deprive Blurock of a vested right or impair an obligation of the contract between the District and Blurock. No such result would occur as between these two parties.

Blurock's contention is based upon the incorrect assumption that in an arbitration with the District alone it would have the right to an arbitrator of its choice, whereas in a consolidated arbitration proceeding Blurock would be denied such right. Blurock does not have such right under the terms of the present agreement.

The arbitration provision thereof provides that "[s]uch arbitration shall be conducted in accordance with the rules of the American Arbitration Association in so far [*sic*] as the same are not in conflict with the laws of the State of California." In cases where the *parties* have not appointed an arbitrator, AAA rule 12 calls for one to be selected in the following manner: "...the AAA shall submit simultaneously to each party to the dispute an indentical list of names of persons chosen from the Panel. Each party...shall have seven days...in which to cross off any names to which [it] objects.... From among the persons who have been approved on both lists...the AAA shall invite the acceptance of an Arbitrator.... If the parties fail to agree...the AAA shall have the power to make the appointment from other members of the Panel...."

It can readily be seen under such a scheme that the AAA actually selects potential arbitrators in the first instance, allowing Blurock a

choice only as among those already selected. Thus, Blurock is not entitled to an arbitrator of its unhampered choice.

The procedure set forth in AAA rule 13 applicable to the selection of arbitrators is not a vested right. As the court in *Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.* (1946) 29 Cal.2d 228 [174 P.2d 441], pointed out: "There is no doctrine which, after the date of a contract or during the pendency of an arbitration proceeding, precludes the application of a duly adopted amendment of a rule relating to a matter of procedure so long as the parties' substantial rights are not affected. . . . That the parties agreed to be bound by the published rules of the. association does not alter the result in the absence, as here, of an express incorporation into the contract of specified rules. The general reference in the contract to published rules of the association did not constitute such an incorporation." (*Id.,* at pp. 232-233.)

In the contract between the District and Blurock, there is only "the general reference to published rules."

In comparison with the AAA provisions for selection of an arbitrator, section 1281.3 states that if the parties are unable to unanimously agree on the selection of an arbitrator or panel, the court must appoint an arbitrator in accordance with section 1281.6. Section 1281.6 provides for selection as follows: "If the arbitration agreement provides a method of appointing an arbitrator, such method shall be followed. . . . In the absence of an agreed method, or if the agreed method fails or for any reason cannot be followed, . . . the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator. [¶] When a petition is made to the court to appoint a neutral arbitrator, the court shall nominate five persons from lists of persons supplied jointly by the parties to the arbitration. . . . If such parties fail to select an arbitrator within the five-day period, the court shall appoint the arbitrator from the nominees."

The direction of both the AAA rule and section 1281.6 is that the parties should *agree* among themselves to the selection of an arbitrator, and in the absence of such an agreement, either the court or the AAA is required to make an appointment.

Nor will the application of section 1281.3 to the instant case cause repudiation or destruction of the agreement between the District and

Blurock. (See *Lyon v. Flournoy* (1969) 271 Cal.App.2d 774, 782 [76 Cal.Rptr. 869].)

A law changing arbitration procedure enacted after the making of a contract to which it is applicable but before the remedy is invoked is not unconstitutional as a retrospective law. (*Pacific Indemnity Co.* v. *Insurance Co.* (9th Cir. 1928) 25 F.2d 930, 931-932; see *California Prune & Apricot Growers' Ass'n v. Catz Amer. Co.* (9th Cir. 1932) 60 F.2d 788.)

Section 1281.3 does not create a substantive right; it is merely a mode of consolidating separate arbitration proceedings. "The terms 'practice' and 'procedure' together and in a larger sense, as they are used in the law, include the mode of procedure by which a legal right is enforced, as distinguished from the substantive law which gives or declares the right. [Citations.]" (*Bohme v. Southern Pac. Co.* (1970) 8 Cal.App.3d 291, 298 [87 Cal.Rptr. 286].

This appears to be a proper case in which to apply the section to the extent that separate arbitration agreements exist between the District and Strecker and the District and Blurock; the disputes, which are the subject matter of the separate proceedings, arise from the same transaction, i.e., the drawings and specifications provided by Blurock, and there are common issues of both law and fact creating the possibility of conflicting rulings by more than one panel of arbitrators.

However, we are aware that the provisions for arbitration in the contract between the District and Strecker do not call for the application of AAA rules. Rather, the pertinent provisions read: "...the point in question shall be settled through a hearing before a Board of Arbitration;...The Board of Arbitration shall be composed of *one member selected by [the District] and one by the Contractor*, these two members to select a third member; and a majority report of said Board of Arbitration...shall be final and binding upon both parties." (Italics added.)

By its motion to consolidate, presumably the District is waiving any rights it has under the Strecker contract not available to it pursuant to the Blurock contract. Strecker's rights to arbitrate in the manner set forth in its contract with the District appear to remain intact. Blurock, *not being a party to the District-Strecker contract*, cannot be bound by the arbitration procedures set forth therein.

There are insufficient facts in the record before us to decide whether Strecker actually has a "vested right" to name a specific arbitrator, and, if so, whether a waiver has occurred or whether there exist any circumstances which would give the court the right to appoint an arbitrator to preside over a consolidated arbitration proceeding.

■ We would have no difficulty in concluding that parties who contract to arbitrate their disputes subsequent to the 1978 effective date of section 1281.3 are bound by the provisions of section 1281.6 where, as here, "the agreed method [of appointing an arbitrator] fails or for any reason cannot be followed." Under such circumstances, the parties impliedly would agree that "the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator," in accordance with the procedure set forth. To hold otherwise would be to render the consolidation provisions of section 1281.3 useless in multiparty situations involving contracts with conflicting arbitrator selection provisions, contrary to the rule of statutory construction "'that the objective sought to be achieved by a statute as well as the evil to be prevented is of prime consideration in its interpretation.' [Citations.]" (*Wotton* v. *Bush* (1953) 41 Cal.2d 460, 467 [261 P.2d 256].)

A single arbitration proceeding herein would enable the parties to resolve their disputes without costly and duplicative proceedings which may lead to disparate results. Whether such a proceeding can be accomplished will depend upon what facts are developed at a further hearing that may enable the court to appoint an arbitrator or upon what accommodations can be made among the parties.

The order denying the petition for an order to compel arbitration under section 1281.2 and to consolidate proceedings under section 1281.3 is reversed, and the matter is remanded for proceedings consistent with the views set forth herein.

Allport, J., and Potter, J., concurred.