[Civ. No. 62697. Second Dist., Div. One. Mar. 25, 1982.]

DAVID MERRICK, Plaintiff and Appellant, v.
WRITERS GUILD OF AMERICA, WEST, INC., Defendant and
Appellant.

COUNSEL

Lawrence Silver for Plaintiff and Appellant.

Selvin & Weiner and Paul P. Selvin for Defendant and Appellant.

OPINION

LILLIE, J.—Writers Guild of America, West, Inc. (Guild) appeals from an order denying its petition to compel arbitration[1] in an action brought against it by David Merrick; Merrick cross-appeals, requesting review of an order which sustained without leave to amend the demurrer to one of the causes of action of his complaint.

Merrick's action seeks damages for malicious prosecution, abuse of process and "prima facie tort." The complaint alleges: The Guild, pursuant to the 1977 Theatrical and Television Basic Agreement to which Merrick was a signatory, brought to arbitration a claim of two of its members against Merrick for breach of his agreement to compensate them for writing a screenplay; the arbitrator issued an award denying the claim on its merits; the court subsequently made an order confirming the award pursuant to Merrick's petition; in bringing and maintaining the arbitration proceeding against Merrick, the Guild acted maliciously, without justification and for the purpose of inflicting harm upon Merrick by harassing and embarrassing him, impairing his reputation, interfering with his business relationships and causing him to expend his funds and time unnecessarily. The Guild demurred to the complaint. The demurrer was overruled as to the first and second causes of action (malicious prosecution and abuse of process) and sustained without leave to amend as to the third cause of action (prima facie tort).

After answering the complaint, the Guild filed a petition to compel arbitration.[2] (Code Civ. Proc., § 1280 et seq.) The petition alleged: Pur-

---

[1]The order is appealable. (Code Civ. Proc., § 1294, subd. (a).)

[2]A prefatory note to the answer stated that the Guild intended to file the petition and that it answered the complaint without waiving its right to compel arbitration of the claims asserted in the complaint.

suant to the National Labor Relations Act (29 U.S.C. § 151 et seq.) the Guild is certified as the collective bargaining representative of all writers employed by producers to prepare literary material for motion pictures produced for exhibition on television and in theaters;[3] employers and writers engaged in said television and motion picture industry are engaged in interstate commerce; Merrick is a producer of motion pictures primarily for theatrical exhibition and employs writers who are Guild members; Merrick as a producer and the Guild, as the representative of writers in the motion picture industry, entered into a collective bargaining agreement entitled "Writers Guild of America 1977 Theatrical and Television Basic Agreement" which is presently in force between Merrick and the Guild; articles 10, 11 and 12 of the basic agreement govern arbitration of disputes between the parties; such articles preclude a civil action by Merrick and the award of damages to him based upon the Guild's prosecuting in arbitration a claim of its member; the differences between the parties regarding said preclusion constitutes a dispute subject to arbitration under article 10 of the basic agreement; the Guild served upon Merrick a notice of claim submitted to arbitration; Merrick refuses to participate in arbitration on the ground that the arbitrator lacks jurisdiction of the claims set forth in the complaint.

The trial court denied the petition to compel arbitration based on its finding that Merrick's claims of malicious prosecution and abuse of process arise out of tort, not contract, and therefore do not come within the scope of the arbitration provisions contained in article 10 of the basic agreement.

### THE GUILD'S APPEAL

■ Code of Civil Procedure section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agree-

---

[3]In *Writers' Guild of America West, Inc.* v. *Superior Court* (1975) 53 Cal.App.3d 468 [126 Cal.Rptr. 498], we observed that the Guild "is a labor union representing writers in industry-wide collective bargaining agreements with motion picture and television studios and networks. It is certified as a labor organization under the National Labor Relations Act ...." (P. 471.)

ment to arbitrate the controversy exists . . . ." In making that determination the court must examine and, to a limited extent, construe the underlying agreement. (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 480 [121 Cal.Rptr. 477, 535 P.2d 341].) The interpretation of written instruments is solely a judicial function unless it turns upon the credibility of extrinsic evidence; accordingly, an appellate court is not bound by a trial court's construction of a contract based solely upon the terms of the instrument without the aid of evidence. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839].) This rule of appellate review applies to arbitration provisions of contracts. (*Conejo Valley Unified School Dist.* v. *William Blurock & Partners, Inc.* (1980) 111 Cal.App.3d 983, 987-988 [169 Cal.Rptr. 102].) The trial court's "finding" that the dispute herein is outside the scope of the basic agreement's arbitration provisions is not based upon extrinsic evidence and is in reality a conclusion of law. Thus "[w]e are free to make our own independent interpretation of the terms of the contract and its application to the instant dispute." (*Berman* v. *Dean Witter & Co., Inc.* (1975) 44 Cal.App.3d 999, 1003 [119 Cal.Rptr. 130].) We turn to the provisions of the basic agreement.

Article 10 (entitled Grievance and Arbitration) provides in part: "A. MATTERS SUBJECT TO GRIEVANCE AND ARBITRATION (GENERAL) [¶] Except as otherwise specifically provided in this Article or elsewhere in this Basic Agreement, the following matters shall be submitted to grievance and thereafter to arbitration as hereinafter provided, and no other matters shall be submitted to grievance or arbitration: [¶] 1. Any dispute between the Guild and the Company concerning the interpretation of any of the terms of this Basic Agreement and the application and effect of such terms as determined by an interpretation thereof. . . . [¶] C. MATTERS SUBJECT TO ARBITRATION BUT NOT GRIEVANCE [¶] Notwithstanding anything elsewhere contained in this Article 10, the following matters shall be submitted to arbitration but not to grievance: [¶] 1. Any dispute as to whether the arbitrator has jurisdiction or whether any matter is arbitrable, provided however, that the arbitrator may not order an arbitration of any matter not arbitrable as provided above. . . ." Article 12 (entitled Court Proceedings) provides in pertinent part: "C. Nothing in this Basic Agreement shall impair, affect or limit the right of the Company, the Guild or any writer to assert and exercise any and all appropriate legal or equitable rights or remedies to

which such Company, Guild or writer is entitled in any court of competent jurisdiction as to any dispute which is not subject to grievance or arbitration pursuant to this Basic Agreement...."

■ The petition to compel arbitration alleges that the employer (Merrick), as a producer of motion pictures for theatrical exhibition, is involved in activities which affect interstate commerce. While this was denied on information and belief by Merrick, there appears to be little distinction in the premises between federal and state law. Thus, in order to determine whether the dispute in question is arbitrable, we interpret the language of the agreement according to the substantive federal law. (*Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42* (1971) 4 Cal.3d 888, 891-892 [95 Cal.Rptr. 53, 484 P.2d 1397]; *Butchers' Union Local 229* v. *Cudahy Packing Co.* (1967) 66 Cal.2d 925, 930 [59 Cal.Rptr. 713, 428 P.2d 849]; *Northern Cal. Dist. Council of Hod Carriers* v. *Pennsylvania Pipeline, Inc.* (1980) 103 Cal.App.3d 163, 170 [162 Cal.Rptr. 851].) Also, state law, where compatible with the purpose of the federal law, may be resorted to in order to find the rule that will best effectuate the federal policy which favors the settlement of labor-management disputes by grievance and arbitration mechanisms. (See *Textile Workers* v. *Lincoln Mills* (1957) 353 U.S. 448, 457 [1 L.Ed.2d 972, 981, 77 S.Ct. 912]; *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42, supra,* 4 Cal.3d at p. 892.)

■ Under federal law, "The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for." (*United Steelworkers of America* v. *American Mfg. Co.* (1960) 363 U.S. 564, 567-568 [4 L.Ed.2d 1403, 1407, 80 S.Ct. 1343].)

■ Under California law, "An arbitrator may, of course, be given the power to determine his own jurisdiction, i.e., to determine the arbitrability of a dispute.... If the agreement provides for an arbitrator to decide arbitrability, the court may not decide that issue ...." (*Retail Clerks Union, Local 775* v. *Purity Stores, Inc.* (1974) 41 Cal.App.3d 225, 232 [116 Cal.Rptr. 40].)

The dispute of which the Guild seeks arbitration is whether articles 10 and 12 of the basic agreement preclude Merrick's action against the Guild for malicious prosecution and abuse of process based upon its alleged malice and lack of probable cause in having prosecuted, pursuant to the basic agreement, the arbitration of a claim of its members against Merrick. Under article 12, Merrick may seek legal remedies in court "as to any dispute which is not subject to grievance or arbitration pursuant to this Basic Agreement." Accordingly, his right to maintain the present action depends upon whether that action constitutes a dispute subject to arbitration within the meaning of article 12. In article 10 the parties agree to submit to arbitration all questions concerning the interpretation, application and effect of any of the terms of the basic agreement, as well as all disputes as to whether the arbitrator has jurisdiction or whether any matter is arbitrable. Thus, it is for the arbitrator, not the court, to decide whether the dispute underlying Merrick's action is "subject to ... arbitration" within the meaning of article 12, that issue being determinative of his right to maintain the action.

The trial court denied the petition to compel arbitration on the ground that inasmuch as Merrick's claims of malicious prosecution and abuse of process arise out of tort, not contract, they are outside the scope of the parties' collective bargaining agreement. However, a complaint sounding in tort will not in itself prevent arbitration if the underlying agreement embraces the disputed matter. (*Legg, Mason & Company, Inc.* v. *Mackall & Coe, Inc.* (D.D.C. 1972) 351 F.Supp. 1367, 1370-1371; *Lewsadder* v. *Mitchum, Jones & Templeton, Inc.* (1973) 36 Cal.App.3d 255, 259 [111 Cal.Rptr. 405].) Merrick's complaint does not assert claims which are wholly independent of the arbitration provisions of the basic agreement. On the contrary, the alleged basis of his tort action is that the Guild acted maliciously and for the purpose of inflicting harm upon Merrick in having prosecuted arbitration proceedings against him pursuant to the agreement. Inasmuch as the Guild's allegedly tortious conduct occurred in connection with arbitration proceedings, it cannot be said that the dispute engendered by that conduct is outside the scope of the arbitration provisions simply because Merrick, by his complaint, makes it the basis of causes of action for malicious prosecution and abuse of process. Stated another way, the present action has its roots in the relationship between the parties which was created by the collective bargaining provisions of their agreement. Accordingly, the fact that Merrick's action sounds in tort rather than

contract is not a valid basis for the order denying the Guild's petition to compel arbitration.

### MERRICK'S CROSS-APPEAL

■ The notice of cross-appeal states that Merrick cross-appeals from the order denying petition to compel arbitration and "all orders which precede it including but not limited to the order of July 18, 1980," which sustained without leave to amend the demurrer to the third cause of action of his complaint. What Merrick seeks is review of the latter order. Since that order is not appealable (Code Civ. Proc., §§ 904.1, 1294), it obviously may not be made the subject of a cross-appeal. While the cross-appeal lies from the order denying petition to compel arbitration, the order sustaining the demurrer may not be reviewed on that cross-appeal. Code of Civil Procedure section 1294.2 sets forth the matters reviewable on appeals from judgments or orders made in judicial proceedings for the enforcement of arbitration agreements.[4] Under section 1294.2, we are not authorized to review the order sustaining the demurrer because it concerns only the merits of the underlying action and does not affect the order denying petition to compel arbitration which is the subject of the appeal. Expressed differently, review of the order sustaining the demurrer does not aid us in "determining whether or not the appellant [Guild] was prejudiced by the error or errors upon which [it] relies for reversal ... of the ... order from which the appeal is taken" (Code Civ. Proc., § 1294.2.)

### DISPOSITION

The order denying the Guild's petition to compel arbitration is reversed with directions to enter an order directing the parties to proceed to arbitration in accordance with the terms of the basic agreement.

---

[4]Code of Civil Procedure section 1294.2: "The appeal shall be taken in the same manner as an appeal from an order or judgment in a civil action. Upon an appeal from any order or judgment under this title [Arbitration], the court may review the decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party. The court may also on such appeal review any order on motion for a new trial. *The respondent on the appeal, or party in whose favor the judgment or order was given may, without appealing from such judgment, request the court to and it may review any of the foregoing matters for the purpose of determining whether or not the appellant was prejudiced by the error or errors upon which he relies for reversal or modification of the judgment or order from which the appeal is taken.* The provisions of this section do not authorize the court to review any decision or order from which an appeal might have been taken." (Italics added.)

Merrick's cross-appeal is dismissed. The Guild shall recover costs on appeal.

Spencer, P. J., and Kakita, J.,* concurred.

The petition of plaintiff and appellant for a hearing by the Supreme Court was denied June 9, 1982.

---

*Assigned by the Chairperson of the Judicial Council.