[No. A062778. First Dist., Div. Four. Aug. 29, 1994.]

ANTONIO F. VIANNA, Plaintiff and Respondent, v.
DOCTORS' MANAGEMENT COMPANY, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

COUNSEL

Larson & Burnham, Ralph A. Zappala, Cathy L. Arias, Gaw, Van Male, Smith & Myers and Bruce A. Miroglio for Defendant and Appellant.

Douglas A. Long and Kathleen A. Herdell for Plaintiff and Respondent.

OPINION

**PERLEY, J.**—Respondent Antonio Vianna sued The Doctors' Management Company (Doctors) and three individuals for damages arising out of the termination of his employment with Doctors. Doctors appeals from an order denying its petition to compel arbitration pursuant to Code of Civil Procedure section 1281.2.[1] We reverse.

I.

Vianna began his employment at Doctors on May 29, 1990, as vice-president for human resources. While employed by Doctors, Vianna had three annual written employment contracts, one for each year of employment. The last employment contract was executed on July 20, 1992, and covered the year beginning July 1, 1992, through June 30, 1993.

The contract included a termination clause allowing either party to terminate the agreement "with or without cause and without regard to any verbal or implied company policy or practice upon thirty (30) days written notice to the other." In addition, the contract contained an arbitration clause which provided "[i]n the event of any dispute of any kind whatsoever, regarding the meaning, interpretation or enforcement of the provisions of this Agreement, both parties agree that the matter shall be resolved through the use of binding arbitration as provided in California Code of Civil Procedure 1280 *et seq.*" The contract also included an integration clause confirming that it set forth "the entire agreement between the parties."

On March 2, 1993, Dr. Sabella, Doctors's chairman, president and chief executive officer, met with Vianna and accused him of "hitting on" another employee's husband. Dr. Sabella also told Vianna that he thought Vianna was gay. Vianna denied both assertions.

Sabella gave Vianna the option of either resigning from employment or being terminated. If Vianna chose to resign, Doctors would make a severance payment to him. Vianna chose to resign.

---

[1]This statute states that, subject to certain exceptions, ". . . the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists."

Vianna filed his complaint on May 18, 1993. Vianna brought the following causes of action against Doctors: termination in violation of public policy; breach of the implied covenant of good faith and fair dealing; negligent infliction of emotional distress; and defamation. As to the three individually named defendants, Vianna alleged the following claims: defamation; intentional interference with economic advantage and contractual relations; and conspiracy.

## II.

The trial court denied Doctors's motion to compel arbitration on the ground that "the language of the Arbitration Clause in the employment contract is narrow and does not encompass the myriad of claims brought by Mr. Vianna in his complaint filed against 'Doctors'. . . ." The issue thus presented is whether the trial court correctly interpreted the language of the parties' arbitration agreement. ■ This issue is subject to de novo review because the court construed the terms of the contract without any conflicting extrinsic evidence. (*Merrick* v. *Writers Guild of America, West, Inc.* (1982) 130 Cal.App.3d 212, 217 [181 Cal.Rptr. 530]; *Conejo Valley Unified School Dist.* v. *William Blurock & Partners, Inc.* (1980) 111 Cal.App.3d 983, 987-988 [169 Cal.Rptr. 102].)

■ "The court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made." (*Weeks* v. *Crow* (1980) 113 Cal.App.3d 350, 353 [169 Cal.Rptr. 830].) Because California has a " 'strong public policy in favor of arbitration' " (*Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899]), ". . . arbitration agreements should be liberally interpreted, and arbitration should be ordered unless the agreement clearly does not apply to the dispute in question" (*Weeks* v. *Crow, supra,* 113 Cal.App.3d at p. 352). "Doubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration." (*United Transportation Union* v. *Southern Cal. Rapid Transit Dist.* (1992) 7 Cal.App.4th 804, 808 [9 Cal.Rptr.2d 702].)

■ The trial court's finding that the arbitration agreement did not cover the claims against Doctors cannot be sustained in light of the foregoing principles. The agreement to arbitrate "any dispute" regarding "enforcement" of the provisions of the contract plainly covers Vianna's claim for breach of the covenant of good faith and fair dealing. (See generally, 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, §§ 743-744 and authorities cited [covenant of good faith and fair dealing is implied in all

contracts].) The other claims all involve duties arising by operation of law, which were allegedly breached during the employment relationship. The parties at least arguably agreed to arbitrate those claims as well when they reduced all of the terms of that relationship to writing, and provided for arbitration "of any dispute of any kind whatsoever" over the terms of the contract. It cannot be said that the arbitration clause clearly does not apply to those additional disputes, and the doubt must be resolved in favor of arbitration.

The arbitration clause in this case is comparable to the one construed in *Merrick* v. *Writers Guild of America, West, Inc., supra*, 130 Cal.App.3d 212. The issue in *Merrick* was whether an agreement to arbitrate "[a]ny dispute . . . concerning the interpretation of any of the terms of [the contract] and the application and effect of such terms" was broad enough to encompass an action sounding in tort rather than contract. (*Id.*, at p. 217.) The court concluded that arbitration was required because the action "ha[d] its roots in the relationship between the parties which was created by . . . their agreement." (*Id.*, at p. 219.) The same principle governs Vianna's case because all of his claims against Doctors are rooted in the employment relationship created by their contract. *Merrick* applied federal law and the federal policy favoring settlement of labor-management disputes by arbitration. (*Id.*, at p. 218.) However, California's equally strong policy favoring arbitration (*Moncharsh* v. *Heily & Blase, supra*, 3 Cal.4th at p. 9) dictates the same result here.

III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

IV.

The order denying the petition to compel arbitration is reversed, and the case is remanded with instructions to enter an order directing Vianna and Doctors to proceed to arbitration. Costs to Doctors.

Anderson, P. J., and Poché, J., concurred.

---

*See footnote, *ante*, page 1186.