[No. B134322. Second Dist., Div. Five. May 23, 2000.]

FLORENCE MAGGIO, Plaintiff and Respondent, v. WINDWARD CAPITAL MANAGEMENT CO. et al., Defendants and Appellants.

**COUNSEL**

Nash & Edgerton, Samuel Y. Edgerton, James K. Autrey and Jon C. Furgison for Defendants and Appellants.

Law Offices of Rheuban & Gresen, Solomon E. Gresen and Steven V. Rheuban for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

### I.    INTRODUCTION

Winward Capital Management Co. and Bennett E. Gross (defendants) appeal from an order denying their petition to compel arbitration before the American Arbitration Association. The trial court and parties agree that the current dispute must be resolved by means of the arbitral process. However, defendants argue that the arbitration must be conducted under the auspices of the American Arbitration Association. The trial court declined to order

arbitration before the American Arbitration Association. We conclude that the parties have agreed to arbitrate before the American Arbitration Association. Hence, we will enforce the agreement between the parties, direct arbitration before the American Arbitration Association, and reverse the order under review.

## II.  BACKGROUND

Defendants entered into a written agreement with Florence Maggio (plaintiff) to manage her "security portfolio." The management agreement contains an arbitration clause. A controversy arose concerning defendants' management of plaintiff's accounts. Plaintiff filed a petition to compel arbitration. She sought appointment of an arbitrator through ADR Services. Defendants opposed the petition insofar as it sought appointment of an arbitrator through ADR Services. They argued plaintiff was attempting to avoid arbitration before the American Arbitration Association. Defendants also filed a petition to compel arbitration *before* the American Arbitration Association. In response, plaintiff presented evidence ADR Services was prepared to arbitrate the present dispute pursuant to the "Commercial Dispute Resolution Procedures" published by the American Arbitration Association. The trial court found: the contract was drafted by defendants, so it was to be construed against them; the agreement's plain language required arbitration according to the American Arbitration Association rules; however, the agreement did not specify that arbitration was to be *before* the American Arbitration Association. The trial court concluded: "I think the plain language of the contract talks about using their procedures, but not necessarily their arbitrators." Accordingly, the trial court granted plaintiff's petition to compel arbitration. Further, the trial court denied defendants' petition to compel arbitration before the American Arbitration Association.

## III.  DISCUSSION

### A.  *The Arbitration Clause and the Commercial Arbitration Rules of the American Arbitration Association.*

The arbitration clause in the agreement between plaintiff and defendants states: "I agree that any controversy or claim including, but not limited to, errors and omissions arising out of or relating to this Agreement or the breach thereof, shall be settled by arbitration in accordance with the Code of Commercial Arbitration of the American Arbitration Association and judgment upon the award rendered by the arbitrator(s) may be entered in

anycourt having jurisdiction thereof." The Commercial Dispute Resolution Procedures of the American Arbitration Association, which the parties agree are the pertinent rules, states in relevant part: "When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration." Further, the Commercial Dispute Resolution Procedures of the American Arbitration Association provide: "**Initiation under an Arbitration Provision in a Contract** [¶] (a) Arbitration under an arbitration provision in a contract shall be initiated in the following manner: [¶] i. The initiating party (the 'claimant') shall, within the time period, if any, specified in the contract(s), give to the other party (the 'respondent') written notice of its intention to arbitrate (the 'demand'), which demand shall contain a statement setting forth the nature the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested. [¶] ii. The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule included with these rules. [¶] iii. The AAA shall confirm notice of such filing to the parties. [¶] (b) A respondent may file an answering statement in duplicate with the AAA within 15 days after confirmation of notice of filing of the demand is sent by the AAA. The respondent shall, at the time of any such filing, send a copy of the answering statement to the claimant. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedy sought. If a counterclaim is made, the party making the counterclaim shall forward to the AAA with the answering statement the appropriate fee provided in the schedule included with these rules."

B.   *Statutory Authority for Defendants' Petition and Standard of Review.*

A court has the authority to compel compliance with a method for selecting an arbitrator. Code of Civil Procedure section 1281.6 provides: "If the arbitration agreement provides a method of appointing an arbitrator, that method shall be followed. If the arbitration agreement does not provide a method for appointing an arbitrator, the parties to the agreement who seek arbitration and against whom arbitration is sought may agree on a method of appointing an arbitrator and that method shall be followed. In the absence of an agreed method, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails to act and his or her successor has not been appointed, the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator." (E.g., *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 980 [64 Cal.Rptr.2d 843, 938

P.2d 903] ["That section, as explained above, provides a statutory method for resolving breakdowns in the arbitrator selection process, and states in pertinent part that in the absence of an agreed method of appointing an arbitrator, 'or if the agreed method fails or for any reason cannot be followed . . . the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator' "]; *Burgess v. Kaiser Foundation Hospitals* (1993) 16 Cal.App.4th 1077, 1081 [20 Cal.Rptr.2d 488] ["Arbitration is intended to be more expeditious than litigation. Accordingly, if there is any delay by an arbitrator, the appropriate remedy is not tolling of the five-year period, but rather a petition to the court for an appropriate order expediting the arbitration proceeding [Citations.]"]; *Lewis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1986) 183 Cal.App.3d 1097, 1107 [228 Cal.Rptr. 345] ["If the court concludes the agreement to arbitrate is enforceable and the parties cannot agree on the procedure to appoint an arbitrator, the remedy is to be found in Code of Civil Procedure section 1281.6 [Citation.]"]; Fields, Cal. Alternative Dispute Resolution Practice (1999) § 33.12, p. 33-14.) The parties do not dispute that Code of Civil Procedure section 1281.6 is the relevant statutory authority for judicial enforcement of a method for selecting an arbitrator.

Defendants contend the clear, unambiguous, and plain language of the arbitration clause requires arbitration *before* the American Arbitration Association. The trial court construed the arbitration clause *without considering any extrinsic evidence.* ■ The parties presented no extrinsic evidence as to the arbitration clause in the trial court. Therefore, our review is de novo. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839]; *Powers v. Dickson, Carlson & Campillo* (1997) 54 Cal.App.4th 1102, 1111 [63 Cal.Rptr.2d 261].) ■ Ordinary rules of contract interpretation apply to the arbitration clause.[1] (*Victoria v. Superior Court* (1985) 40 Cal.3d 734, 738-739 [222 Cal.Rptr. 1, 710 P.2d 833]; see *Lagatree v. Luce, Forward, Hamilton & Scripps* (1999) 74 Cal.App.4th 1105, 1119 [88 Cal.Rptr.2d 664]; *Erickson v. Aetna Health Plans of California, Inc.*

---

[1]The parties have not addressed whether the United States Arbitration Act (9 U.S.C. § 1 et seq.) applies to this case. We conclude, however, that under the United States Arbitration Act, general state law principles of contract interpretation govern the outcome of this matter. (*Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 475-476 [109 S.Ct. 1248, 1254, 103 L.Ed.2d 488]; *Perry v. Thomas* (1987) 482 U.S. 483, 492, fn. 9 [107 S.Ct. 2520, 2527, 96 L.Ed.2d 426]; *Engalla v. Permanente Medical Group, Inc., supra,* 15 Cal.4th at pp. 971-972; see *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1074-1075 [90 Cal.Rptr.2d 334, 988 P.2d 67].) Because state law contract principles are controlling in this case as discussed in the body of this opinion and we are enforcing the agreement to arbitrate, nothing in the United States Arbitration Act alters the outcome of this case.

(1999) 71 Cal.App.4th 646, 654-658 [84 Cal.Rptr.2d 76]; *Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1670-1671 [53 Cal.Rptr.2d 515]; see, e.g., *Vianna v. Doctors' Management Co.* (1994) 27 Cal.App.4th 1186, 1189-1190 [33 Cal.Rptr.2d 188].) The Supreme Court has held: "The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.)" *(Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264 [10 Cal.Rptr.2d 538, 833 P.2d 545]; accord, *AIU Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807, 822 [274 Cal.Rptr. 820, 799 P.2d 1253].) Any ambiguity in the language of the arbitration clause must be interpreted against the drafter. (Civ. Code, § 1654; *Victoria v. Superior Court, supra,* 40 Cal.3d at pp. 745, 747; *Powers v. Dickson, Carlson & Campillo, supra,* 54 Cal.App.4th at p. 1112; *J. Alexander Securities, Inc. v. Mendez* (1993) 17 Cal.App.4th 1083, 1094 [21 Cal.Rptr.2d 826]; *Chan v. Drexel Burnham Lambert, Inc.* (1986) 178 Cal.App.3d 632, 644 [223 Cal.Rptr. 838].)

C. *The Arbitration Clause at Issue Requires Resolution of the Present Dispute Before the American Arbitration Association.*

The arbitration clause in this case requires resolution of the present dispute "in accordance with" the pertinent American Arbitration Association procedures. The American Arbitration Association Commercial Dispute Resolution Procedures explicitly provide the filing of the demand for arbitration is to occur "at any office of the AAA." Moreover, the American Arbitration Association Rules explicitly state, "The AAA shall confirm notice of such filing to the parties." Further, if a counterclaim is made by a responding party, it is to be forwarded "to the AAA with the answering statement . . ." Therefore, an arbitration conducted "in accordance with" the American Arbitration Association Commercial Dispute Resolution Procedures must take place before that body. Hence, we respectfully disagree with the trial court's interpretation of the unambiguous provisions of the arbitration clause. Upon issuance of the remittitur, the trial court is to enter a new order directing arbitration before the American Arbitration Association.

IV. DISPOSITION

The order denying the petition to compel arbitration before the American Arbitration Association is reversed. Defendants, Winward Capital

Management Co. and Bennett E. Gross, are to recover their costs incurred on appeal from plaintiff, Florence Maggio.

Grignon, J., and Weisman, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.