FILED

NOT FOR PUBLICATION

OCT 25 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MORGAN KEEGAN & CO., INC., a
Tennessee corporation,

Plaintiff - Appellant,

v.

HORACE GRANT,

Defendant - Appellee.

No. 11-56399

D.C. No. 2:11-cv-02915-SJO-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 10, 2012
Pasadena, California

Before:    PREGERSON and W. FLETCHER, Circuit Judges, and BENNETT,
District Judge.[**]

Plaintiff Morgan Keegan appeals from the district court's order compelling

arbitration and dismissing the case. Defendant Horace Grant won a $1.45 million

_____

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

arbitration award against Morgan Keegan, his former broker, in a previous arbitration ("Grant I"). Morgan Keegan unsuccessfully sought to vacate the Grant I award in the district court, and that case is now on appeal before the Ninth Circuit. *See Morgan Keegan & Co., Inc. v. Grant*, No. 10-56166. Grant then filed a second arbitration claim against Morgan Keegan ("Grant II") alleging malicious prosecution and abuse of process in Grant I. Morgan Keegan sued in the district court, alleging that Grant II was not arbitrable and seeking an injunction to stop Grant II from proceeding before the resolution of the Grant I appeal. The district court granted Grant's motion to compel arbitration, denied Morgan Keegan's request for a preliminary injunction as moot, and dismissed the case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's decision granting a motion to compel arbitration is reviewed de novo. *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004). The de novo standard applies to determining the validity and scope of the arbitration agreement as well. *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009).

First, the district court correctly held that arbitration of the Grant II claims of malicious prosecution and abuse of process is not restricted by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 10. Grant is not seeking to attack or

2

change the Grant I award, and so neither the FAA nor the Financial Industry Regulatory Authority rules prevent arbitrating his claims.

Second, Morgan Keegan's client agreement contains a valid arbitration clause that requires arbitrating the Grant II claims. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The arbitration clause contains extremely broad language, applying to "all controversies" between the parties "which may arise from any account or for any cause whatsoever." This clause is broad enough to encompass the tort claims here, especially since the claims arose from litigation between the parties over account-related activities. *See Merrick v. Writers Guild of Am., West, Inc.*, 181 Cal. Rptr. 530 (Ct. App. 1982). The lack of any limiting language in the arbitration agreement distinguishes this case from cases relied on by Morgan Keegan, such as *Tracer Research Corp. v. Nat'l Envtl. Serv.*, 42 F.3d 1292, 1295 (9th Cir. 1994), where the clause applied only to claims "arising out of" the agreement. Morgan Keegan drafted the arbitration clause, and California law construes ambiguities in form contracts against the drafter. *Victoria v. Superior Court*, 710 P.2d 833, 835 (Cal. 1985). Further, the FAA "resolv[es] ambiguities as to the scope of arbitration in favor of arbitration." *Wagner v. Stratton Oakmonth, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996). Therefore, the claims in Grant II are arbitrable.

3

Finally, since we are issuing the decision in the Grant I appeal concurrently with this decision, we conclude that Morgan Keegan's appeal from the denial of an injunction is moot.

**AFFIRMED.**