Filed 11/20/23  Hernandez v. San Francisco Conservatory of Music CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHASE LELAND HERNANDEZ, <br>     Plaintiff and Respondent, <br> v. <br> SAN FRANCISCO CONSERVATORY OF MUSIC et al., <br>     Defendants and Appellants. | A166188 <br><br> (City and County of San Francisco <br> Super. Ct. No. CGC-22-599297) |

In this employment dispute, the San Francisco Conservatory of Music and its president, David Stull (collectively, the Conservatory), appeal from the trial court's order denying the Conservatory's petition to compel arbitration of plaintiff Shase Leland Hernandez's (Plaintiff) claims.  We affirm.

### BACKGROUND

In August 2014, the Conservatory made Plaintiff "a temporary offer of employment" from August 25, 2014 to October 31, 2014.  The offer letter conditioned the offer upon Plaintiff's agreement to an "enclosed arbitration agreement."  Plaintiff accepted the employment offer by signing the offer

1

letter, and Plaintiff and the Conservatory executed the arbitration agreement (hereafter, the Arbitration Agreement). Both contracts were executed on August 25, 2014, at the same time and in the same place.[1] The Arbitration Agreement provides covered disputes include "those arising out of or relating to Employee's employment or ending of employment with Conservatory or thereafter . . . ."

On November 3, 2014, two days after the expiration of the temporary employment contract, the Conservatory offered Plaintiff a second term of temporary employment through February 28, 2015. The offer letter again provided the offer was contingent upon Plaintiff's agreement to an "enclosed arbitration agreement." The enclosed arbitration agreement was substantively identical to the Arbitration Agreement. Plaintiff accepted the second term of temporary employment but did not sign the new arbitration agreement.

In February 2015, the Conservatory orally offered Plaintiff a permanent position and Plaintiff accepted. No employment contract of any kind was executed for this position. Plaintiff was terminated in May 2019.

In April 2022, Plaintiff sued the Conservatory for wrongful termination and retaliation based on May 2019 events. In August, the Conservatory filed a petition to compel arbitration. After briefing and a hearing, the trial court denied the petition on the ground that the Arbitration Agreement "does not include disputes occurring after the expiration of the underlying employment contract."

---

[1] Although the date by Plaintiff's signature on the offer letter is "4/26/14," Plaintiff averred that he executed both contracts at the same time and the Conservatory does not dispute this averment.

DISCUSSION

" 'Although "[t]he law favors contracts for arbitration of disputes between parties" [citation], " 'there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate . . . .' " [Citations.]  In determining the scope of an arbitration clause, "[t]he court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made." ' " (*Bono v. David* (2007) 147 Cal.App.4th 1055, 1063.)  " ' "When deciding whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." ' " (*Moritz v. Universal City Studios LLC* (2020) 54 Cal.App.5th 238, 246 (*Moritz*).)

"To interpret a contract, we look to its language ([Civ. Code,] § 1638) and ascertain the intent of the parties, if possible, based solely on the contract's written provisions ([Civ. Code,] § 1639).  In doing so, we apply the ' "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage" [citation] . . . .  Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning.' [Citation.]  At the same time, we 'recognize[] the "interpretational principle that a contract must be understood with reference to the circumstances under which it was made and the matter to which it relates.  (Civ. Code, § 1647.)" ' " (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 530–531.)

The heart of the parties' dispute is whether the phrase "Employee's employment or ending of employment with Conservatory" in the Arbitration Agreement means *any* employment of Plaintiff by the Conservatory, or

3

whether it is limited to Plaintiff's temporary employment between August 25, 2014 to October 31, 2014. "An ambiguity arises when language is reasonably susceptible of more than one application to material facts." (*Dore v. Arnold Worldwide, Inc.* (2006) 39 Cal.4th 384, 391.) Because the phrase is reasonably susceptible of both interpretations, the language is ambiguous.

We thus consider whether the circumstances under which the Arbitration Agreement was executed clarifies the ambiguity. The Arbitration Agreement was executed at the same time as the 2014 temporary employment contract, and the latter expressly references the former. " ' "Under Civil Code section 1642, it is the general rule that several papers relating to the same subject matter and executed as parts of substantially one transaction, are to be construed together as one contract." ' " (*Alberto v. Cambrian Homecare* (2023) 91 Cal.App.5th 482, 490 (*Alberto*).) Courts have applied this rule to construe separate arbitration agreements together with other contemporaneously executed documents. (See *id.* at pp. 490–491 [construing arbitration agreement and confidentiality agreement together where "[t]hey were executed on the same day" and "were both separate aspects of a single primary transaction—[the employee's] hiring"]; *Reigelsperger v. Siller* (2007) 40 Cal.4th 574, 580 [construing arbitration agreement and informed consent agreement together where the forms appeared on the reverse side of a single page and were "signed . . . at the same time"].)

We therefore construe the Arbitration Agreement together with the 2014 temporary employment contract. "An arbitration agreement is tied to the underlying contract containing it, and applies 'only where a dispute has its real source in the contract. The object of an arbitration clause is to implement a contract, not to transcend it.' " (*Moritz, supra,* 54 Cal.App.5th at

4

p. 246.)  "When an arbitration provision is 'read as standing free from any [underlying] agreement,' 'absurd results ensue.' " (*Id.* at p. 247.) Accordingly, construing the two contracts together clarifies that the phrase "Employee's employment or ending of employment with Conservatory" refers to the term of temporary employment that was the subject of the 2014 temporary employment contract.  Similarly, the Arbitration Agreement's inclusion of the phrase "or thereafter," construed together with the 2014 temporary employment contract, refers to subsequent disputes arising from the 2014 temporary employment term.  The Conservatory's authority is not to the contrary.  (See *Caviani v. Mentor Graphics Corp.* (N.D. Cal. 2019, No. 19-cv-01645-EMC) 2019 U.S. Dist. LEXIS 160105, at *1, 7–8 [arbitration agreement signed upon plaintiff's initial hire to *permanent* position applied after plaintiff was promoted to different position]; *Reigelsperger v. Siller*, *supra*, 40 Cal.4th at pp. 577, 580 [arbitration agreement providing it was " 'intended to bind the patient and the health care provider . . . who now *or in the future* treat[s] the patient' " applied to separate treatment provided two years after agreement signed].)[2]

---

[2] At oral argument, counsel for the Conservatory argued a determination that the plain language of the Arbitration Agreement was ambiguous required a conclusion in favor of arbitration, relying on authorities providing " 'arbitration agreements should be liberally interpreted, and arbitration should be ordered unless the agreement clearly does not apply to the dispute in question' [citation].  'Doubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration.' " (*Vianna v. Doctors' Management Co.* (1994) 27 Cal.App.4th 1186, 1189.)  Assuming this proposition applies to the determination of the term of an arbitration agreement, it does not assist the Conservatory.  While we find the Arbitration Agreement's plain language ambiguous, the ambiguity is resolved when we construe it in conjunction with the 2014 temporary employment contract, as we must under Civil Code section 1642.  So construed, the term of the Arbitration Agreement is unambiguous, leaving no doubts to be resolved in favor of arbitration.

This conclusion is also supported by the 2015 temporary employment contract, which by its terms required Plaintiff to sign a new arbitration agreement as a condition of the new term of employment (although Plaintiff did not do so). This provision indicates the Conservatory's understanding that the Arbitration Agreement expired with the expiration of the original term of temporary employment.[3] "Acts of the parties, subsequent to the execution of the contract and before any controversy has arisen as to its effect, may be looked to in determining the meaning." (1 Witkin, Summary of Law (11th ed. 2023) Contracts, § 772.)

The Conservatory does not contend Plaintiff's claims arise from the 2014 temporary employment term. Accordingly, the Arbitration Agreement does not cover the Plaintiff's claims and the trial court properly denied the petition to compel arbitration.[4]

## DISPOSITION

The order is affirmed. Plaintiff is awarded his costs on appeal.

---

[3] At oral argument, counsel for the Conservatory suggested the declaration of a Conservatory employee states the Conservatory contemporaneously determined it was not necessary for Plaintiff to sign the new arbitration agreement because the Arbitration Agreement was still in effect. In fact, the declaration asserts only that "[i]t was not necessary to require Plaintiff to complete" a new arbitration agreement—a legal conclusion of the declarant rather than a factual explanation of the Conservatory's past conduct.

[4] We need not and do not resolve Plaintiff's contentions that the Conservatory forfeited various arguments and that we should disregard the Conservatory's opening brief.

                                                        SIMONS, J.

WE CONCUR:

JACKSON, P. J.
BURNS, J.


*Hernandez v. San Francisco Conservatory of Music et al.* (A166188)